**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**STEVEN COOPER,**

                           **Plaintiff,**                       **MEMORANDUM
                                                                      AND ORDER**

   -against-                                                        **17-cv-1517 (NGG)**

**CITY OF NEW YORK et al.,**

                           **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      By letter motion dated July 18, 2017, plaintiff Steven Cooper ("plaintiff") moved to compel disclosure by defendant City of New York (the "City") of the names, shields numbers, and service addresses of all police officers involved in the arrest at issue in this civil rights action. See Letter to Compel Disclosure (July 18, 2017), Electronic Case Filing Docket Entry ("DE") #41. In response, the City and individual defendants Ryan and Schrell (the "City defendants"), along with co-defendants O'Connor and Jacobs (collectively, with the City defendants, "defendants"), cross-moved (1) to stay discovery pending the outcome of defendants' motions to dismiss (for which they have sought a premotion conference before Judge Garaufis); and (2) to adjourn the initial conference scheduled for this Friday. See Joint Motion to Adjourn Conference and Stay Discovery (July 24, 2017) ("Def. Letter"), DE #42. In support of their cross-motion to stay, defendants contend that they have shown good cause therefore, because their "anticipated motion to dismiss is fully dispositive[,] . . . the stay of

1

discovery would only last for the duration of the Court's consideration of the motion, [and] plaintiff would not be prejudiced by said stay." Id. at 2.

Plaintiff vigorously opposes defendants' request for a stay. See Response in Opposition to Joint Motion (July 26, 2017), DE #45. Citing a long line of precedent in this District, plaintiff correctly observes that the party seeking a stay has the burden of establishing the existence of good cause therefor, and that the pendency of a motion to dismiss does not automatically entitle the movant to a stay. See id. at 1–2 (collecting cases). In this case, defendants' request for a stay does not even address all of the factors that a court should weigh in determining whether a stay is warranted, such as the strength of the motion to dismiss and the breath of discovery and burden entailed in responding to discovery demands. See id. Moreover, defendants merely assume, without more, that a total stay of discovery would not prejudice plaintiff. See Def. Letter at 2.

Given defendants' meager showing, the Court, in its discretion, declines to stay all discovery during the pendency of a motion to dismiss that has not yet been filed. The City has failed to establish that it would be materially burdened by having to provide the names, shield numbers, and service addresses of officers involved in plaintiff's arrest. Nor have defendants proffered any basis to find that allowing the parties to engage in documentary discovery in this case would create an unwarranted burden. That said, the Court is well aware that parties in section 1983 actions typically defer depositions until after the completion of documentary discovery. Accordingly, and in order to conserve the resources of the parties and to avoid requiring police officers to appear for depositions while dispositive motions are

pending, the Court grants a stay of deposition discovery until the conclusion of motion practice.

In conclusion, the Court grants plaintiff's July 18th motion, and directs the City to provide the requested information by August 13, 2017; and grants in part only defendants' motion to stay discovery, with the stay limited to deposition discovery. As for the August 4th initial conference, counsel for the City defendants has represented that he is unavailable that day. See Def. Letter at 1 n.1. The Court adjourns the conference *sine die*, and will schedule a court proceeding once the motion to dismiss has been resolved. The parties are directed to serve their initial disclosures by August 11, 2017.

**SO ORDERED.**

**Dated: Brooklyn, New York
August 1, 2017**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**