UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEVEN COOPER,

                Plaintiff,

                                                 1:17-cv-01517-NGG-RLM

      -against-

THE CITY OF NEW YORK, POLICE LIEUTENANT
THOMAS JACOBS, POLICE OFFICER JESSICA
SCHRELL, POLICE SERGEANT BRENDAN RYAN,
P.O. JOHN DOES 1-10 the identity of whom is presently
unknown, in their individual and official capacities,
as New York City Police Officers, DANIEL O'CONNOR,

                              Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THOMAS JACOBS' PARTIAL MOTION TO DISMISS

KARASYK & MOSCHELLA, LLP
Attorneys for Defendant Thomas Jacobs
233 Broadway, Suite 2340
New York, NY 10279
(212) 233-3800
JAMES M. MOSCHELLA
*On the brief*

## TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

STANDARD OF REVIEW ....................................................................................................2

STATEMENT OF FACTS .....................................................................................................3

ARGUMENTS ......................................................................................................................5

    Point I:
        PLAINTIFF FAILS TO ESTABLISH A COGNIZABLE § 1983 VIOLATION AGAINST DEFENDANT, THOMAS JACOBS, BECAUSE HE FAILS TO ADEQUATELY ALLEGE THAT JACOBS ACTED UNDER COLOR OF LAW..........................................................................................................5

    Point II:
        PLAINTIFF'S 3RD AND 4TH CAUSES OF ACTION MUST BE DISMISSED AS AGAINST JACOBS................................................................................................12

    Point III:
        PLAINTIFF CANNOT ESTABLISH A LIBEL AND SLANDER CLAIM AGAINST DEFENDANT, THOMAS JACOBS, BECAUSE THERE ARE NO ALLEGATIONS THAT HE PARTICIPATED IN THE PUBLICATION OF THE NEW YORK POST ARTICLE..............................................................................12

CONCLUSION ..................................................................................................................14

## TABLE OF AUTHORITIES

### United States Supreme Court Cases

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)...................................................................7

Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)....................................................................5

Bell Atlantic Corp. v. Twombley, 127 S. Ct. 1955 (2007).........................................................2

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001)......................6

City of Oklahoma City v. Tuttle, 471 U.S.808 (1985)...............................................................5

Conley v. Gibson, 355 U.S. 41 (1957).......................................................................................2

Evans v. United States, 504 U.S. 255 (1992)............................................................................7

Gomez v. Toledo, 446 U.S. 635 (1980).....................................................................................6

Hishon v. King & Spalding, 467 U.S. 69 (1984).......................................................................2

Laird v. Tatum, 408 U.S. 1 (1972)...........................................................................................10

Scheur v. Rhodes, 416 U.S. 232 (1974)....................................................................................2

Screws v. United States, 325 U.S. 91 (1944)............................................................................6

United States v. Classic, 313 U.S. 299 (1941)..........................................................................6

West v. Atkins, 487 U.S. 42 (1988))..........................................................................................6

### United States Court of Appeals Cases

Alexis v. McDonald's Rests. Of Mass., Inc., 67 F.3d 341 (1st Cir. 1995).................................7

Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40(2d 6 Cir. 1991)..............................................3

Barna v. City of Perth Amboy 42 F.3d 809 (3d Cir. 1994).......................................................6

Benavidez v. Gunnell, 722 F.2d 615 (10th Cir. 1983)............................................................7,8

Bonsignore v. City of New York, 683 F.2d 635 (2d Cir. 1982).................................................6

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002)..................................................10

Dwares v. City of NY, 985 F.2d 94 (2d Cir. 1993).......................................................................10

Freedman v. Coppola, 206 A.D.2d 893 (NY App. Div. 1994).....................................................11

Iqbal v. Hasty, 490 F. 3d 143, 157 (2d Cir. 2007).........................................................................2

Jocks v. Tavernier, 316 F.3d 134 (2d Cir. 2008)...........................................................................8

Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400 (S.D.N.Y. 2004)...........................................8

Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99 (2d Cir. 1997)............................................3

Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1352-53 (7th Cir. 1985)..................................7

United States. v. Temple, 447 F.3d 130 (2d Cir. 2006).................................................................6

## United States District Court Cases

Bacquie v. City of New York, 2000 LEXIS 10606 (S.D.N.Y. 2000)..............................................9

Claudio v. Sawyer, 675 F. Supp. 2d 403 (S.D.N.Y. 2009)............................................................8

Fiske v. Letterman, 401 F. Supp. 2d 362 (S.D.N.Y. 2005)............................................................7

Gorton v. Gettel, 2007 WL 2154193 (S.D.N.Y. 2007)..................................................................6

Hearst v. City of New York, 2012 LEXIS 41125 (E.D.N.Y. 2012)...............................................9

Johnson v. Hackett, 284 F.Supp. 933 (E.D. Pa.1968)....................................................................6

Morpurgo v. Incorporated Village of Sag Harbor, 2007 LEXIS 98835 (E.D.N.Y 2007).............10

Newman v. Holder, 101 F.Supp.2d 103 (E.D.N.Y. 2000).............................................................3

Porter-McWilliams, 2007 U.S. Dist. LEXIS 89326 (S.D.N.Y. 2007).........................................10

Spear v. Town of W. Hartford, 954 F.2d 63 (2d Cir. 1992).........................................................10

Stoeckley v. City of New York, 700 F. Supp. 2d 489 (S.D.N.Y. 2010).........................................9

Wahhab v. City of New York, 386 F. Supp. 2d 277 (S.D.N.Y 2005).............................................8

Walker v. Jastremski, 430 F.3d 560 (2d Cir. 2005)..................................................................10

## New York State Cases

Arsenault v. Forquer, 197 A.D. 2d 554 (2nd Dept. 1993)..................................................13

Dillon v. City of New York, 251 A.D. 2d 34 (1st Dept. 1999)............................................13

Liberman v. Gelstein, 80 N.Y.2d 429 (1992).........................................................................14

Monsanto v. Electronic Data Systems Corp., 141 A.D. 2d 514 (1988).................................13

Nisbett v. State, 31 Misc. 2d 32 (1961)...................................................................................9

Rinaldi v. Holy, Rinehart & Winston, Inc. 42 N.Y.2d 369 (1977)........................................13

## Statutes

42 U.S.C. § 1983...........................................................................................................*passim*

NY CPLR § 3016(a).............................................................................................................13

## PRELIMINARY STATEMENT

Plaintiff, Steven Cooper ("Plaintiff"), brings this action under 42 U.S.C. §§ 1983 and 1988, and under New York State Law, *inter alia* for alleged violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff has named as Defendants the City of New York, Police Lieutenant Thomas Jacobs, Police Officer Jessica Schrell, Police Sergeant Brendan Ryan, Police Officer John Does 1-10, and Daniel O'Connor ("Defendants").

Plaintiff bring the following federal claims under 42 U.S.C. § 1983 against Thomas Jacobs: (a) deprivation of rights; (b) excessive force; (c) supervisory liability; (d) municipal liability; (e) conspiracy to deprive plaintiff of his constitutional rights; (f) false arrest; and (g) malicious prosecution. *See First Am. Compl.*, 69-122. Plaintiff brings the following pendent state claims against Thomas Jacobs: (a) assault; (b) battery; (c) prima facie tort; (d) libel and slander; (e) false arrest; (f) malicious prosecution; and (g) larceny. *See First Am. Compl.*, 131-164.

Plaintiff's complaint fails to state a cognizable and viable cause of action against defendant Thomas Jacobs in regards to all of the federal claims listed above because even accepting as true all of the allegations of the Complaint, it falls significantly short of establishing that defendant Jacobs acted "under color of law," a prerequisite for liability under section 1983. Furthermore, plaintiff does not state with any specificity that Jacobs had any involvement in the allegedly libelous and slanderous newspaper article mentioned in the 13th Cause of Action, and thus fails to state a viable state law claim against Jacobs for libel and slander.

Here, plaintiff's federal claims against Jacobs is nothing more than over-broad labels and

conclusions, and a formulaic recitation of the elements of each cause of action. The complaint fails to set forth any facts which would render a §1983 claim plausible against defendant Jacobs. Accordingly, Defendant Jacobs respectfully requests that the Court grant his motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), and that the above-mentioned claims be dismissed as against him.

## STANDARD OF REVIEW

The standard of review to be applied in motions filed under Rule 12 has been clarified in the United States Supreme Court decision, *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). Under *Bell Atlantic*, a district court should grant a motion to dismiss a complaint under Rule 12 if the complaint fails to plead enough facts to state a claim of relief that is plausible on its face. *Id.* The complaint must include some factual allegations "in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F. 3d 143, 157 (2d Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff is required to show "the 'grounds' of his 'entitlement to relief' [by providing] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964.

A district court should grant a motion to dismiss a complaint under Federal Rule of Civil Procedure Rule 12 if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing upon a motion to dismiss, the court must view the allegations in the light most favorable to the plaintiff. See *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). In adjudicating a Rule 12 motion, a district court must confine its

consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1997); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d 6 Cir. 1991); *Newman v. Holder*, 101 F.Supp.2d 103, 105 (E.D.N.Y. 2000).

## STATEMENT OF FACTS[1]

Plaintiff, Steven Cooper ("Plaintiff" or "Cooper") claims that on March 20, 2016, "a vehicle, in which Jacobs was driving over the Williamsburg Bridge onto Broadway with defendant, Daniel O'Connor and two other John Doe defendants as passengers, 'ignored the stop sign' at Broadway." At this time, Steven Cooper was attempting to cross the street. Cooper claims that he was "struck" by the car. (*First Am. Compl.*, ¶ 20, 21). Plaintiff alleges that Jacobs and O'Connor exited the vehicle and approached him. When Plaintiff attempted to flee, Defendant O'Connor struck Cooper on the head, and Jacobs allegedly pushed Plaintiff then "joined O'Connor in assaulting and battering Cooper." (*First Am. Compl.*, ¶ 22-25).

Plaintiff claims he "flicked the sunglasses off of Jacobs." Plaintiff then ran and O'Connor and Jacobs "continued to pursue after Cooper." (*First Am. Compl.*, ¶ 26, 27). Plaintiff then states that he went to call 911 and then "during the call, made at the intersection of Broadway and Havenmayer, both O'Connor and Jacobs, who were waiting for Cooper, jumped Cooper and assaulted and battered Cooper by beating him about his face and eye and all over his

---

[1] While we contest the validity of the account given of this incident in the plaintiff's First Amended Complaint, as per the rules surrounding motions to dismiss under Rule 12, the facts must be accepted as set forth in the Complaint. Unless otherwise stated, all of the following facts are taken directly from the Complaint.

head." (*First Am. Compl.*, 29).

According to the Complaint, Jacobs "concealed the fact that he is a law enforcement officer and did not display anything that would identify him as a law enforcement officer." *(First Am. Compl.,* ¶ 25). The 911 operator told him to head back towards Broadway and he was met there by Police Officers Jessica Schrell and a John Doe Officer. Cooper got in their car to canvas the area for O'Connor, Jacobs, and the two other men they were with. Plaintiff eventually observed defendant Jacobs talking with other officers who were on the scene. It was at this point, after the alleged assault, that Jacobs "displayed a badge to John Doe Police Officer and heard Jacobs say 'I'm on the job.'" (*First Am. Compl.,* ¶ 36).

Plaintiff claims that at this point he told John Doe Police Sergeant 2 that he "would prefer to just go home and tend to his visible injuries." (*First Am. Compl.,* ¶ 38). However, this Sergeant and defendant Schrell told Cooper he must come with them to the 90th Precinct where after approximately three hours, he was arrested by Officer Schrell and given a desk appearance ticket charging Cooper with Assault in the Third Degree. (*First Am. Compl.,* ¶ 38-55).

Plaintiff was arraigned by the Kings County District Attorney's Office on April 25, 2016 on charges of Assault in the Third Degree, Menacing in the Third Degree, and Harassment in the Second degree. *(First Am.Compl.,* ¶ 57). These charges were based, in part, on "false and perjurious allegations by Jacobs" that Plaintiff "proportedly punched Jacobs in the face which caused injuries to Jacobs face and broke the sunglasses that Jacobs was wearing." (*First Am. Compl.,* ¶ 58). The Brooklyn District Attorney's Office "continued the malicious prosecution of Cooper" until "the criminal case against Cooper was dismissed on the merits in Cooper's favor on June 20, 2016." (*First Am. Compl.,* ¶ 58).

-4-

Defendant O'Connor was also arrested on charges of assault, Menacing, and Harassment and O'Connor ultimately pled guilty to the charge of Disorderly Conduct. (*First Am. Compl.,* ¶ 63).

Plaintiff further asserts in paragraph 56 of the Amended Complaint that:

"In furtherance of Defendants Conspiracy to deprive Cooper of his Constitutional rights guaranteed under the 4th and 14th amendment to be free from unlawful searches and seizures, on March 23, 2016, the New York post wrote an article about the incident and in this article NYPD Spokesman defendant Sergeant Brendan Bryan published a completely false statement to the New York post stating that Jacobs was punched in the face by Cooper causing bruising and swelling to Jacobs, which upon its face was per say false and defamatory." (*First Am. Compl.,* ¶ 56).

## ARGUMENTS

### I. PLAINTIFF FAILS TO ESTABLISH A COGNIZABLE § 1983 VIOLATION AGAINST DEFENDANT, THOMAS JACOBS, BECAUSE HE FAILS TO ADEQUATELY ALLEGE THAT JACOBS ACTED UNDER COLOR OF LAW

42 U.S.C. section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constriction and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983, by its own terms, does not create any substantive rights; it provides only remedies for deprivation of rights established elsewhere in the Constitution or under federal law. See *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). In order to establish a cognizable section 1983 claim, a plaintiff must demonstrate (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law.

-5-

*See* 42 U.S.C. section 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

"The misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action pursued under color of law within the meaning of 42 U.S.C.A. § 1983." *United States v. Classic*, 313 U.S. 299, 326 (1941). *See also Evans v. U.S.*, 504 U.S. 255, 274 (1992); *Screws v. United States*, 325 U.S. 91, 107-113 (1944). "Color of law and pretense of law are synonymous, and acts of officers engaged in 'personal pursuits' are not included." *United States v. Temple*, 447 F.3d 130, 138 (2d Cir. 2006); *see Screws*, 325 U.S. at 111. As aptly stated by the Third Circuit in *Barna v. City of Perth Amboy*, "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." 42 F.3d 809, 816 (3d Cir. 1994).

As stated by the Second Circuit in *Bonsignore v. City of New York*, 683 F.2d 635, 639 (2d Cir. 1982), a police officer is not acting under color of law when his actions are not "committed in the performance of any actual or pretended duty . . . but were performed 'in the ambit of his personal pursuits.'" (*citing Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa. 1968); *Screws v. United States*, 325 U.S. 91, 111 (1945)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Gorton v. Gettel*, 2007 WL 2154193 (S.D.N.Y. 2007) (*quoting West v. Atkins*, 487 U.S. 42, 49 (1988)). Where the defendant is a private entity, the plaintiff must show that there is "such a close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Plaintiff has not made that showing here.

"Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." *Fiske v. Letterman,* 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005). See also, *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir. 1983) ("[M]ere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §1983.").

Here, while the plaintiff makes the bald assertion that defendant Jacobs was "acting under color of state law," or "in his capacity as a Police Officer," he sets forth no facts to render this assertions as either plausible or cognizable. *See, eg.,* ¶ 72-74 of the Complaint. In fact, these assertions are flatly contradicted by the factual allegations set forth by the Plaintiff. The incident described by the plaintiff in his First Amended Complaint is clearly an argument among private citizens. It is abundantly clear from Plaintiff's own narrative that this traffic/ "road rage" incident has no relation to Jacob's alleged employment as a Police Lieutenant. The plaintiff states himself that he was not even aware that defendant Jacobs was a police officer until Jacobs said to a responding officer, "I'm on the Job," after the alleged assault. *See First Am. Compl.,* ¶ 36-38. Plaintiff makes clear that Jacobs "concealed the fact that he is a law enforcement officer and did not display anything that would identify him as a law enforcement officer." *(First Am. Compl.,* ¶ 25.

Plaintiff states that it was on-duty John Doe Police Sergeant 2 and Officer Jessica Schrell that commanded him to stay on the scene and thereafter issued him a Desk Appearance Ticket. Jacobs had no involvement with keeping Plaintiff there, nor any involvement in the ensuing ticket. Furthermore, at no point did defendant Jacobs perform any law enforcement functions

during this altercation, nor does the plaintiff claim that Jacobs did. Jacobs was not the arresting officer- Police Officer Jessica Schrell was- and the plaintiff has not, nor cannot, claim that Jacobs instructed Officer Schrell to arrest Cooper. Thomas Jacobs simply complied with the investigation, as a private citizen would do in the same situation.

In fact, Jacobs is even further removed from liability because he was not even the party who called the police. It was the plaintiff who called 911 to report the incident. Even if Jacobs provided information to the police, his mere "furnishing of information to the police officers does not constitute joint action under color of state law which renders private citizen liable under § 1983." *See Benavidez*, 722 F.2d at 618. Thus, Plaintiff's assertion that Jacobs identified himself to the police officers and recounted the incident to them is not sufficient enough to set forth a § 1983 claim. It certainly has no bearing on the Fourth Amendment excessive force claim against Jacobs, and has no bearing on the issue of whether Jacobs acted "under color of law."

When assessing whether an off-duty police officer is acting under color of the law, courts look at the totality of the circumstances. The factors that they look to are: (1) whether the officer identified himself <u>during</u> the incident as a police officer; (2) if plaintiff was aware that defendant was a police officer; (3) whether the defendant off-duty officer detained/questioned the plaintiff in the scope of their job as a police officer; and (4) whether defendants engaged in any investigation aspect of the public safety functions of police work. *Claudio v. Sawyer,* 675 F. Supp. 2d 403 (S.D.N.Y. 2009) (quoting *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 278 (2005)). In many of the cases that the off-duty officer was found to be acting under color of the law, it was due in part to the fact that the officer identified themselves before taking action. *See Jocks v. Tavernier*, 316 F.3d 134 (2d Cir. 2008). Conversely, the district courts have found that

an off-duty officer was not acting under color of the law during an altercation because he did not identify himself as an officer until the police responded, much like in the present case. In *Stoeckley v. City of New York*, 700 F. Supp. 2d 493(S.D.N.Y. 2010), the District Court stated, "[t]here is no allegation that Velasquez was in uniform, that he was on duty, or that he exhibited a badge or identified himself as a police officer during the entire course of the incident. To the contrary, the complaint suggests strongly that the first plaintiffs learned that Velasquez was a police officer was after the incident had concluded and the officers who responded to the 911 call came out of the grocery store." Furthermore, even if the plaintiff were to allege that Jacobs identified himself as an officer (although they are not claiming this), that might not be relevant. "Whether [police officer] did or did not so identify himself has no bearing on his status as acting within the scope of his duty." *Hearst v. City of New York*, 2012 LEXIS 41125 (E.D.N.Y. 2012) (quoting *Nisbett v. State of New York*, 31 Misc. 3d 32, 222 (1961)). The fact that Jacobs did not identify himself until after the altercation only detracts from plaintiff's bald assertion that was Jacobs acting under color of law.

To survive a motion to dismiss, a Section 1983 complaint must make allegations sufficient to create an inference that the private individual defendant and the state official were acting in concert. *See Bacquie v. City of New York*, 2000 LEXIS 10606 (S.D.N.Y. 2000) (holding that Section 1983 claim requires allegation that police officer did something more than follow ordinary procedure in response to defendants calling police and swearing to a complaint).

Plaintiff sets forth no facts to state a cognizable claim against Jacobs under § 1983. Rather, the explicit allegations make clear that Jacobs was not acting under "color of law," but instead, allegedly assaulted plaintiff during a personal traffic dispute. Even if plaintiff's assertion

that Jacobs assaulted Cooper is true, it was not an action committed under color of law. Thus, although plaintiff makes the bold statement that "all of the acts of defendants were carried out under color of law," that is simply not plausible as to defendant Jacobs and is, in fact, contradicted by the specific allegations in the complaint. In fact, the complaint is entirely devoid of any facts, details or circumstances which could lead a rational fact finder to believe that Jacobs- while acting under color of law- participated in the constitutional deprivation at issue, namely, plaintiffs' "assault," "malicious prosecution," "deprivation of rights," and "false arrest" as a police officer. "Mere conclusory allegation of conspiracy or concerted action with a government officer, as Plaintiff has made here, does not suffice to plead a viable Section 1983 action." *Porter-McWilliams*, 2007 U.S. Dist. LEXIS 89326 (S.D.N.Y. 2007) (*see also Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (affirming dismissal of Section 1983 claim where complaint failed to "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act")).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *Ciambrello*, 292 F.3d at 325 (*quoting Dwares v. City of NY*, 985 F.2d 94, 100 (2d Cir. 1993)); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) "It is well settled that in the context of a § 1983 claim a 'plaintiff must make specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient." *Morpurgo v. Incorporated Village of Sag Harbor*, 2007 LEXIS 98835 (E.D.N.Y 2007); *Spear*, 954 F.2d at 67 (*quoting Laird v. Tatum*, 408 U.S. 1, 10 (1972)).

In *Freedman v. Coppola*, 206 A.D.2d 893 (NY App. Div. 1994), for example, the Appellate Division upheld the lower court's dismissal of the Complaint. Plaintiff had claimed that the defendant "violated plaintiff's civil rights by arranging for the unlawful arrest of plaintiff by police." *Id* at 893. Both the Trial Court and the Appellate Court agreed that the defendant had sustained his initial burden of proof by demonstrating that he was not a participant in the decision to arrest plaintiff. "The record [did] not support plaintiff's assertion that defendant . . . played any part in deciding whether or how to arrest plaintiff."

Similarly, in the instant case, plaintiffs have failed to allege any facts which would lead a rational trier of fact to believe that defendant Jacobs had "any part in deciding whether or how to arrest plaintiff." *Id.* Plaintiff has simply made conclusory statements that:

> "The Defendants, intentionally and without probable cause or lawful justification, acted in willful and/or reckless disregard of the constitutional right of Cooper to be free from false arrest and false imprisonment, and did together and/or in combination with one of more of the other individual Defendants deprive Cooper of such constitutional rights..." *See First Am. Compl.,* ¶ 105.

Nowhere in the Complaint does plaintiff describe actions taken by defendant Jacobs that would lead a rational person to believe that he "conspired with" the arresting officers. Plaintiff does not mention any conversations had between the arresting officers and defendant Jacobs (or any other specific facts) that present a plausible claim for conspiracy. The pleadings do not present any facts tending to show agreement and concerted action between Defendant Jacobs and the New York City Police Department, nor that plaintiff called 911 to report a robbery, which the responding officers found to be false. Jacobs did not have any involvement in determining whether to issue a Desk Appearance Ticket to the Plaintiff.

Plaintiff asserts state law claims against Jacobs for Assault, Battery, False Arrest, and

-11-

Malicious Prosecution. This is the appropriate avenue of relief for Plaintiff as against Jacobs, and not conclusory federal claims for relief.

## II. PLAINTIFF'S 3RD AND 4TH CAUSES OF ACTION MUST BE DISMISSED AS AGAINST DEFENDANT JACOBS

In Plaintiff's 3rd and 4th cause of action, he asserts claims for "Supervisory Liability" and "Municipal Liability against "all Defendants except O'Connor." However, by their very terms, these claims are for "Municipal Liability" (Count IV), which does not implicate Defendant Jacobs, and "Supervisory Liability" (Count III), presumably against the on-duty supervisor, and set forth no facts sufficient to state a cognizable claim against Jacobs. As such, both of these causes of action should be dismissed as against Defendant Jacobs.

## III. PLAINTIFF CANNOT ESTABLISH A LIBEL AND SLANDER CLAIM AGAINST DEFENDANT, THOMAS JACOBS, BECAUSE THERE ARE NO ALLEGATIONS THAT HE PARTICIPATED IN THE PUBLICATION OF THE NEW YORK POST ARTICLE

Plaintiff alleges libel and slander against all Defendants except for O'Connor. He states:

"In furtherance of Defendants Conspiracy to deprive Cooper of his Constitutional rights guaranteed under the 4th and 14th amendment to be free from unlawful searches and seizures, on March 23, 2016, the New York post wrote an article about the incident and in the article NYPD Spokesman defendant Sergeant Brendan Bryan published a completely false statement to the New York post stating that Jacobs was punched in the face by Cooper causing bruising and swelling to Jacobs, which upon its face was per say false and defamatory. According to the Complaint, Jacobs "concealed the fact that he is a law enforcement officer and did not display anything that would identify him as a law enforcement officer." *(First Am. Compl.,¶ 25).*

In his claim, he states that NYPD Sergeant Ryan was the person who provided the New York Post with information on the incident. Therefore, even if the plaintiff's libel and slander claim is true, it would only be applicable against Sergeant Ryan and sets forth no personal involvement by defendant Jacobs.

In general, the elements of defamation are, "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se." *Dillon v. City of New York*, 251 A.D. 2d 34, 38 (1st Dept. 1999); *see also* CPLR § 3016. In evaluating the strength of a defamation claim, courts look to how "the words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonable susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction." *Dillon* 251 A.D.2d at 38(quoting *Arsenault v. Forquer*, 197 A.D.2d 554 (2nd Dept. 1993)). Furthermore, truth of the claims is considered to be a complete defense. The burden is on the plaintiff alleging defamation to establish "the falsity of the libel." *Rinaldi v. Holy, Rinehart & Winston, Inc.* 42 N.Y.2d 369, 380 (1977). Therefore, while the plaintiff can claim that the statements made in the New York post article are false, he cannot prevail unless he can establish that the statement is in fact, not true.

Defamation claims must also comply with New York Civil Practice Law and Rules 3016(a) regarding specificity. While the plaintiff complied with specificity rules regarding what exactly was said, the Supreme Court of New York further held in another case for defamation that, "the claim is further defective in that it fails to state the particular person to whom the allegedly defamatory comments were made," *Monsanto v. Electronic Data Systems Corp.*, 141 A.D. 2d 516 (1988). Plaintiff mentions no specific facts that allege that Jacobs had any involvement in either making or publishing this statement.

Furthermore, libel and slander are not actionable unless the plaintiff suffers "special

-13-

damage." *Liberman v. Gelstein*, 80 N.Y.2d 429 (1992). According to *Liberman v. Gelstein*, "special damages contemplate 'the loss of something having economic or pecuniary value'" *Id.* at 435.

Plaintiff has not sufficiently or plausibly pled that defendant Jacobs had any personal involvement in this article. Further, Plaintiff does not plead any facts sufficient to support a claim that he suffered any economic loss. Specifically, plaintiff states, "Cooper's reputation has been permanently damaged and therefore Cooper is entitled to damages." *See First Am. Compl.*, ¶ 144.[2] Special damages need not to be proven if the plaintiff can prove that the statements made fall into one of four categories: (1) charging plaintiff with a serious crime; (2) that tend to injure another in his or her trader, business or profession; (3) that plaintiff has a loathsome disease; or (4) imputing unchastity to a woman. *Id.* Here, plaintiff does not fit into any of these categories. While plaintiff was accused of assault, "Not every imputation of unlawful behavior...is slanderous per se." *Id.* Misdemeanor Assault is not considered a "serious crime." Plaintiff therefore is required to plead special damages, which he has not sufficiently done here. However, even if the court found that it was sufficiently pled, the claim would only be as against Sergeant Ryan (as stated previously). For 13th cause of action must be dismissed against defendant Jacobs.

## CONCLUSION

For all the foregoing reasons, defendant Jacobs' motion for a partial dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6), dismissing Causes of Action 1, 2, 3, 4, 5, 6, 7, and 13, should be granted in its entirety, and for such other, further and different relief as this Court deems just and proper.

---

[2] He also does not state any facts to prove that he actually suffered these reputation damages.

Dated: New York, New York
       October 12, 2017

                                                Respectfully submitted,

                                                _____
                                                By: JAMES M. MOSCHELLA
                                                KARASYK & MOSCHELLA, LLP
                                                Attorneys for Defendant Jacobs
                                                233 Broadway, Suite 2340
                                                New York, New York 10279
                                                (212) 233-3800