UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN COOPER,

                Plaintiff,

                                                        17-cv-01517 (NGG)(RLM)

   -against-

THE CITY OF NEW YORK, POLICE LIEUTENANT
THOMAS JACOBS, POLICE OFFICER JESSICA
SCHRELL, POLICE SERGEANT BRENDAN RYAN,
P.O. JOHN DOES 1-10 the identity of whom is presently
unknown, in their individual and official capacities,
as New York City Police Officers, DANIEL O'CONNOR,

                Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THOMAS JACOBS' PARTIAL MOTION TO DISMISS

KARASYK & MOSCHELLA, LLP
Attorneys for Defendant Thomas Jacobs
233 Broadway, Suite 2340
New York, NY 10279
(212) 233-3800
JAMES M. MOSCHELLA

## PRELIMINARY STATEMENT

Defendant, Thomas Jacobs, respectfully submits this memorandum of law in reply to plaintiff's opposition papers and in further support of our motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). In short, plaintiff's opposition papers were merely a reiteration of the same speculative, conclusory allegations that compelled us to file the instant motion for partial dismissal. Plaintiff has not set forth a version of events making federal civil rights claims against Jacobs plausible on their face, as the alleged incident was plainly personal in nature and unrelated to Jacobs' employment as a New York City Police Lieutenaant. For those reasons set forth below, and the reasons set forth in our moving papers, Defendant Jacobs respectfully requests that his motion pursuant to Rule 12(b)(6) be granted in its entirety.

## ARGUMENT

Plaintiff asserts in his opposition papers that defendant Thomas Jacobs acted under "color of law" based on a "totality of the circumstances" review of his actions, however, he fails to demonstrate how such circumstances make it plausible that Jacobs could be found to have been acting under "color of law," a prerequisite to liability under section 1983. As stated in our original memorandum of law in support of our motion, the factors that Courts look to when determining if an officer was acting "under color of law" are: (1) whether the officer identified himself <u>during</u> the incident as a police officer; (2) if plaintiff was aware that defendant was a police officer; (3) whether the defendant off-duty officer detained/questioned the plaintiff in the scope of their job as a police officer; and (4) whether defendants engaged in any investigation aspect of the public safety functions of police work. *Claudio v. Sawyer,* 675 F. Supp. 2d 403 (S.D.N.Y. 2009) (quoting *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 278 (2005)).

Plaintiff has not alleged in his complaint or his opposition that Jacobs identified himself

1

as an officer before or even during the incident. He also never claims to have known that Jacobs was a police officer until after the incident. Further, plaintiff never claimed that Jacobs took part in questioning, detaining or arresting him. Overall, plaintiff's allegations do not satisfy any of the factors that Courts look to in their balancing test to determine whether someone was acting under "color of law."

Plaintiff goes on to argue that the "relevant question" in determining whether an off-duty officer was acting under color of law was "whether the [action] was made possible only because the wrongdoer is clothed with the authority of [federal] law." (*Pl. Opp.* at 20). Even if one accepts that standard, it is clear that none of defendant Jacob's actions, as alleged in the complaint, were made possible because he was a Police Officer.

Plaintiff alleges that Jacobs pushed him, struck and assaulted him after a car in which he was driving struck Cooper. (*First Am. Compl.*, 20-25). In performing this alleged action, he was not "acting in accordance with police regulation...nor was he invoking the authority of the police department." *See, e.g., Wahab v. City of New York,* 386 F. Supp. 2d 277, 289 (2005) (citing *Pitchell v. Callan*, 13 F.3d 545, 546 (2d Cir. 1994)). It is simply not plausible that any aspect of these allegations related to Jacobs' status as an off-duty officer, let alone were made possible because Jacobs was an off-duty officer.

Plaintiff cites *Wahhab* as authority for his position that Jacobs was acting under "color of law" in that communication of the defendant's status as a police officer and the Plaintiff's perception of such, while relevant, is "not determinative or dispositive." (*Pl. Opp.*, at 20). While this is true, *Wahhab* is distinguishable from the case at present. In *Wahhab*, unlike here, the officer actually threatened to arrest the plaintiff. The Court stated, "because the officer threatened to invoke his official authority to arrest [the plaintiff], a reasonable jury could find that

2

[the officers] purported to act pursuant to their official duties at the time of the incident." *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 289 (2005) (citing *Pitchell v. Callan*, 13 F. 3d 545, 548 (2d Cir. 1994). According to the Complaint, Jacobs never threatened to arrest Cooper or purported to use his powers as a police officer.   When he identified himself, it was only for informational purposes for the on-duty officers who responded, *after* the physical altercation.

Plaintiff's citation to *McNamara v. City of NY*, 2009 US Dist. LEXIS 22639 (SDNY Mar. 19, 2009, No. 06 Civ 5585) is unavailing, and in fact, makes our point that at a minimum, any Federal claims arising from the physical incident between plaintiff and Jacobs must be dismissed.  In *McNamara*, the plaintiff and defendant Officer Grady were walking down the side walk and engaged in a physical altercation. Det. Grady did not identify himself as a police officer until after the altercation became physical. The Court found that:

> [N]o rational fact finder could determine that Det. Grady was acting under color of state law prior to the time he displayed his badge and gun and identified himself as a police officer. Thus, there is no predicate for liability under section 1983 or section 1988 for the physical altercation that occurred before Det. Grady identified himself as a police officer, and Det. Grady   is entitled to judgment in his favor as a matter of law on Plaintiff's excessive force claim. *Id.* at *8.

Plaintiff here alleges that he was in a physical altercation with defendant Jacobs, similar to the one McNamara and Det. Grady were in. Plaintiff does not claim to have been informed of Jacob's status as a police officer until he allegedly heard him tell the on-duty officers, "I'm on the job" which was <u>after</u> the incident in question. Det. Grady was found to not be acting under color of law during the predicate physical altercation because of the fact that he did not inform the plaintiff that he was an officer until after the altercation occurred.   Likewise, plaintiff here has not plead sufficient facts to make a plausible case that Jacobs was acting in his official capacity as a NYPD lieutenant, warranting dismissal of the federal claims stemming from the alleged physical

3

altercation with Jacobs.

Further, as to plaintiff's federal civil rights claims predicated on a theory of false arrest, plaintiff has not adequately alleged the necessary elements of such a claim against Jacobs. Specifically, plaintiff concedes that Jacobs did not confine him, arrest him, or otherwise invoke his authority as an off-duty officer in any way. In this regard, Jacobs was like any other private actor providing information to the police. *See, e.g., DuChateau v. Metro-North Commuter R.R.*, 253 A.D.2d 128, 131 (1st Dept. 1999); *Fiske v. Letterman,* 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005).

Nevertheless, it is unclear whether the plaintiff is even opposing defendant Jacobs' motion. Plaintiff clearly sections out portions of his response to address both the city defendants' (*Pl. Opp.* at 6) and defendant O'Connor's (*Pl. Opp.* at 8) arguments, but conspicuously fails to specifically address defendant Jacobs' specific points. Further, plaintiff completely fails to mention or address Jacobs' arguments regarding dismissing the municipal liability, supervisory liability, libel, and slander causes of action against Jacobs. Based on plaintiffs silence on these causes of action, it can be assumed that he has no opposition to dismissing these claims in regards to defendant Jacobs. Rather than reiterate such arguments here, we respectfully refer the Court to our original memorandum of law.

In sum, while plaintiff may have asserted some viable state law claims against Jacobs, there are no plausible federal civil rights claims set forth in the Complaint. His allegations of this "blue wall of silence," while dramatic, do not rise above the speculative level, and do not suffice to bring defendant Jacobs under "color of law," warranting dismissal of these claims.

4

## CONCLUSION

For all the foregoing reasons, defendant Jacobs' motion for a partial dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6), dismissing Causes of Action 1, 2, 3, 4, 5, 6, 7, and 13 as against Jacobs, should be granted in its entirety, and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
      December 20, 2017

Respectfully submitted,

By: JAMES M. MOSCHELLA
KARASYK & MOSCHELLA, LLP
Attorneys for Defendant Jacobs
233 Broadway, Suite 2340
New York, New York 10279
(212) 233-3800