UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEVEN COOPER,

<div align="center">Plaintiff,</div>

<div align="center">-against-</div>

THE CITY OF NEW YORK; POLICE LIEUTENANT
THOMAS JACOBS, POLICE OFFICER JESSICA
SCHRELL SHIELD NO. 26482, POLICE
DEPARTMENT SERGEANT BRENDAN RYAN, NEW YORK
POLICE OFFICERS JOHN DOES 1-10 the
identity of whom is presently unknown,
in their individual and official capacities
as New York City Police Officers;
DANIEL O'CONNOR

<div align="center">Defendants.</div>

-----------------------------------------X

<div align="center">

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

</div>

## PRELIMINARY STATEMENT

Plaintiff Steven Cooper ("Cooper") respectfully submits this single memorandum of law in opposition to the three motions to dismiss by Defendants City of New York, Sergeant Brendan Ryan, and Police Officer Jessica Schrell ("City"), Police Lieutenant Thomas Jacobs ("Jacobs"), and Daniel O'Connor ("O'Connor"). Rather than submitting three separate memoranda of law in opposition, Cooper presents his combined response to the motions in this single memorandum of law. As will be shown below, the defendants' motions should be denied in all respects.

## ARGUMENT

## I. APPLICABLE LEGAL STANDARD

A Rule 12(b)(6) motion may not be granted if the complaint includes "enough facts to state a claim to relief that is plausible on its face," that is, enough factual allegations, taken as true, "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). "[I]n determining whether a complaint states a claim that is plausible, the court is required to proceed 'on the assumption that all the [factual] allegations in the complaint are true,' [e]ven if their truth seems doubtful." Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (quoting Twombly, 550 U.S. at 555, emphasis in Anderson News). "Given that the plausibility requirement 'does not impose a probability requirement at the pleading stage,' . . . 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely.'" Anderson News, 680

F.3d at 185 (quoting <u>Twombly</u>, 550 U.S. at 556, emphasis in <u>Anderson News</u>)

Furthermore, "The role of the Court in considering a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof[,]" <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980), and not to be swayed by the fact that the possibility of ultimate recovery might be remote. <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984). On a motion to dismiss, the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Rheingold v. Harrison Town Police Dep't.</u>, 568 F. Supp. 2d 384, 389 (S.D.N.Y. 2008) (<u>quoting Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.</u>, 375 F.3d 168, 177 (2d Cir. 2004)). Consequently, dismissal of a complaint is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998) (<u>quoting Conley v. Gibson</u>, 355 U.S. 41,45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). <u>Paul v Bank of Am. Corp.</u>, 2011 US Dist LEXIS 15569, at *5-6 [EDNY Feb. 14, 2011, No. 09-CV-1932 (ENV)(JMA)].)

Additionally, dismissal is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Harris v. City of New York</u>, 186 F.3d 243, 250 (2d Cir. 1999) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). <u>Friedl v City of NY</u>, 210 F3d 79, 83 [2d Cir 2000]. The Court must "construe [P]laintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." <u>Selevan v. N.Y. Thruway Auth.</u>, 584 F.3d 82, 88 (2d Cir. 2009) (citation omitted); <u>see also Pension Comm. of</u>

-2-

<u>Univ. of Montreal Pension Plan v. Banc of Am. Sec.</u> *LLC,* 568 F.3d 374, 377, 381 (2d Cir. 2009),

including facts alleged on information and belief when those facts are "peculiarly within the

possession and control of the defendant, or where the belief is based on factual information that

makes the inference of culpability plausible." <u>Arista Records</u>, 604 F.3d at 120 (citations omitted).

Specific evidence of a defendant's mental state—e.g., intent, motive, knowledge—is rarely

available to plaintiffs at the pre-discovery stage, and thus need not be pleaded with full specificity.

<u>See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 91 (2d Cir.

2002) ("The ultimate question … involves a defendant's motive and intent, both difficult to plead

with specificity in a complaint. It is sufficient to allege facts from which [the pertinent] intent on

the part of the defendants reasonably may be inferred." (citations omitted)); <u>see also Campanella</u>

<u>v. County of Monroe</u>, No. 10-CV-6236L, 2012 WL 537495 at *7 (W.D.N.Y. Feb. 17, 2012) ("It

is not always necessary, then, for a plaintiff … to allege (although he may eventually be required

to prove) all the details concerning how defendants formed the intent … **The question at this**

**stage is whether plaintiff has alleged sufficient facts to make such a claim plausible.")**

(citations omitted, emphasis in original).

## II. The Court Must Ignore Evidence Outside the Complaint

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to

consideration of the complaint itself." <u>Faulkner v. Beer</u>, 463 F.3d 130, 134 (2d Cir. 2006). A court

may consider a document not appended to the complaint only if "the document is incorporated in

[the complaint] by reference or is a document upon which [the complaint] solely relies and … is

integral to the complaint." <u>Conte v. County of Nassau</u>, No. 06-CV-4746, 2008 WL 905879, at

*7 (E.D.N.Y. Mar. 31, 2008) (citing Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) Courts may also take judicial notice of records of other judicial proceedings, but "not for the truth of the matters asserted in the other litigation, [only] to establish the fact of such litigation and related filings." Young v. Suffolk County, 705 F. Supp. 2d 183, 210 (E.D.N.Y. 2010) (emphasis added) (citation and internal quotations omitted).

The outside materials must be truly integral to fit this exception. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002) (vacating dismissal where district court improperly considered unsigned drafts). A signed contract between the parties in a contract action is the best example of an integral document. See, e.g., id. at 153–54 ("The contracts considered by the District Court in this case comfortably meet this [integral] test." (footnote and citation omitted)); Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). "[E]ven if a document is 'integral' . . . , it must be clear on the record that no dispute exists regarding the authenticity or accuracy . . . [or] relevance of the document," or it may not be considered. Faulkner, 463 F.3d at 134 (citations omitted); Chambers, 282 F.3d at 154.

Even when the above conditions are satisfied, "the court is to consider [these documents] on a Rule 12(b)(6) motion only to determine what the documents stated, and not to prove the truth of their contents." Roth, 489 F.3d at 509 (internal quotations and citation omitted, emphasis in original). Furthermore, it is reversible error to "consider[] affidavits and exhibits submitted by defendants, or rel[y] on factual allegations contained in legal briefs or memoranda, in ruling on a [Rule 12] motion to dismiss." Friedl v City of New York, 210 F.3d 79, 83–84 (2d Cir. 2000) Similarly, courts may take judicial notice of records of other judicial proceedings, "again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such

-4-

litigation and related filings." <u>Young v. Suffolk County</u>, 705 F. Supp. 2d 183, 210 (E.D.N.Y.

2010) (emphasis added) (quoting <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 774 (2d Cir.1991)).

## THE CITY OF NEW YORK'S MOTION

In contravention of this rule, Defendant City filed a document entitled Declaration of

Christopher Deluca in Support of City's motion to dismiss, in which states that he is attaching four

exhibits in support of said motion. However, the City's Memorandum of law in support of its

motion to dismiss plaintiffs amended complaint makes repeated references to the extrinsic

exhibits thus rendering his arguments invalid.

None of these documents is properly considered on a motion to dismiss . <u>See Chambers</u>,

282 F.3d at 152–54. The City's reliance on these documents  for the truth of matters asserted, is

impermissible even if the documents were properly considered at this stage. <u>Roth</u>, 489F.3d at 509.

As a result, the Court must ignore these exhibits—and any factual assertions Defendant City make

based on them. <u>See Friedl</u>, 210 F.3d at 83–84; <u>Conte</u>, 2008 WL 90587 at *7 (refusing to consider

police reports and certain other documents submitted by defendant Nassau County on motion to

dismiss); <u>Malay v. City of Syracuse</u>, 683 F. Supp. 2d 303, 309 (N.D.N.Y. 2009) (refusing to

consider parts of police reports and other facts outside the complaint on defendants' motion to

dismiss)."When matters outside the pleadings are presented in [Rule 12 papers],' a district court

must either 'exclude the additional material and decide the motion on the complaint alone' or

'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties

the opportunity to present supporting material.'" <u>Friedl</u>, 210 F.3d at 83 (quoting <u>Fonte</u>, 848 F.2d

at 25) (emphasis added). And conversion to summary judgment would be inappropriate, where

discovery has yet to be completed. <u>See Hellstrom v. U.S. Dep't of Veteran's Affairs</u>, 201 F.3d 94,

97 (2d Cir. 2000) ("The nonmoving party must have had the opportunity to discovery information that is essential to his opposition to the motion for summary judgment.") (quotation and citations omitted); <u>Conte</u>, 2008 WL 905879 at *7 (noting that consideration of police reports submitted by defendants would require conversion to a summary judgment motion, which "would be premature given the lack of discovery").

<div align="center">

### <u>CITY OF NEW YORK'S ARGUMENTS</u>

</div>

City argues that the failure in the notice of claim  to include the names of the defendants Ryan and Shrell, Cooper's state claims against defendants must be dismissed. City Mot. P.25 As the law below makes clear this is not a basis for dismissal.

'When the highest state court has not ruled directly on [an] issue presented, a federal court must make its best estimate as to how the state's highest court would rule in the case.'" Id. (citing cases). The Reyes court concluded that it predicts that, for the same reasons articulated in <u>Chamberlain v. City of White Plains</u>, 986 F. Supp. 2d 363, 397-398 (S.D.N.Y. Dec. 10, 2013), the New York Court of Appeals will likely adopt the Fourth Department's reasoning because the leading opinion "thoroughly examines the doctrinal developments regarding the [notice] requirement." Id. at 302 (allowing plaintiff's state law claims against multiple defendants to proceed despite fact that plaintiff only named one defendant in his [**54] notice of claim). <u>See also Chamberlain</u>, 986 F. Supp. 2d at 398 ("In the absence of more specific guidance, **I adopt the [Fourth Department's] well-reasoned conclusion that there is no requirement that individual defendants be specifically named in the [n]otice of [c]laim.**" <u>Bailey v City of NY</u>, 79 F Supp 3d 424, 453 [EDNY 2015].)(Emphasis added)

<div align="center">

-6-

</div>

## LIBEL AND SLANDER

Plaintiff has adequately pleaded the elements for Libel and Slander in the First Amended Compliant. In a feeble attempt to have this cause of action dismissed, City absurdly argues that "A description of an alleged assault to a news publication would not cause a reasonable reader to conclude that the alleged statement was made to induce an "evil opinion" of plaintiff in the minds of the public or even expose plaintiff to ridicule, aversion, or disgrace. Consequently, plaintiff's libel and slander claim against defendant Ryan must be dismissed." City Mot. P. 24.

City is mistaken regarding the elements of slander and libel. Defendant Jacob's Motion addressees the proper requirement " Therefore, while the plaintiff can claim that the statements made in the New York post article are false, he cannot prevail unless he can establish that the statement is in fact, not true." Jacob's Mot. P. 13 Cooper can and will establish that the statement is in fact not true. Therefore, Plaintiff has plead a cause of action for libel and slander against defendants City of New York and defendant Ryan.

## FEDERAL CAUSES OF ACTION

City's argument for dismissal of all of Plaintiff's federal claims are premised upon the erogenous argument that plaintiff has not plead any violation of a constitutional right or a constitutional deprivation.

"As discussed more fully in Points 1-V, *supra*, plaintiff cannot establish the violation of a constitutional right or a constitutional deprivation, and as such, no claim of supervisory liability can survive." City Mot. P. 17 As the argument below shows, Plaintiff has adequately plead such violations, City's Motion for dismissal must be denied.

The gravamen of Plaintiff's Complaint against the Defendants is that they conspired together to cause Cooper's wrongful arrest and prosecution for crimes that never occurred at all. Plaintiff specifically and repeatedly allege that the Defendants were motivated to protect Jacobs, who is a NYPD Lieutenant, and as a result they worked together to engage in a rash of misconduct including fabrications of inculpatory evidence and withholding of exculpatory evidence. Rather than grapple with these specific and serious allegations, the Defendants pretend they do not exist, raising only a boilerplate objection to Plaintiffs' claims as "conclusory" and stale and outdated legal citations. Defendants are wrong on the facts and the law. Plaintiffs have made ample specific allegations that more than satisfy their burden at this stage.

A § 1983 conspiracy requires: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "[T]o present a plausible claim [of conspiracy] at the pleading stage, the plaintiff need not show that its allegations suggesting an agreement are more likely than not true or that they rule out the possibility of independent action." Anderson News, 680 F.3d at 184. Rather, "it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)

### O'CONNOR'S MOTION

O'Connor agues  that "Additionally, Plaintiff's conspiracy claim against O'Connor is relied by the fact that, based upon Plaintiff's statements to police, O'Connor was criminally charged with Assault in the Third Degree, Attempted Assault in the Third Degree, Menacing in the Third Degree, and Harassment in the Second Degree. *See* FAC, Exh. 3, Docket Entry No.

36-3. No plausible inference of O'Connor's involvement in a conspiracy may be drawn because O'Connor's alleged co- conspirators initiated criminal proceedings against him." O'Connor motion p.3

However a plausible inference of O'Connor's involvement in the conspiracy may be drawn because as the complaint alleges "**Despite Cooper's full cooperation with the District Attorney and without any input or notice to Cooper, the victim, On November 21, 2016, O'Connor was allowed to negotiate a plea of disorderly conduct and sealing of the record.**" FAC paragraph 63. Therefore a plausible inference of O'Connor's involvement in the conspiracy can and should be drawn by this fact alone.

Plaintiff has pleaded more than enough such facts. First, Plaintiff has pleaded that Jacobs is a Lieutenant for the NYPD, and it was to protect his job with the NYPD that the defendants conspired to inflict the unconstitutional injuries suffered by Cooper.

Furthermore, the Court is not required to accept this inference as the most plausible explanation for this conduct, only that it is a plausible explanation: The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. Fact-specific questions cannot be resolved on the pleadings. A court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible. Anderson News, 680 F.3d at 185This alone suffices to show an "overt act" in furtherance of the conspiracy. See U.S. v. Tzolov,642 F.3d 314, 320 (2d Cir. 2011) (An overt act "need not be unlawful; it can be any act, innocent or illegal, as long as it is done in furtherance of the object or purpose of the conspiracy."). Defendants also argue that the Complaint is entirely devoid of any allegations

-9-

regarding when or where an agreement was made. However, conspiratorial agreement includes a "tacit understanding"; "[t]here need not be any written statement or even a speaking of words which expressly communicates agreement." U.S. v. Sabhnani, 599 F.3d 215, 244 (2d Cir. 2010) Furthermore, a plan need not be complete to constitute a conspiracy, nor must the conspirators agree in every particular: "The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan," U.S. v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992), and "[o]ne can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense," Salinas v. U.S., 522 U.S. 52, 65 (1997).

Plaintiff alleges many opportunities for either tacit or explicit agreement: Defendants conferred throughout the investigation, including at the time of Cooper's arrival at the scene with officer Schrell and including when Cooper decided he wanted press charges against Jabob's which was more than three hours after Cooper arrived at the station, allowing O'Connor to plead guilty to disorderly conduct despite any input from the victim, Cooper, which is the standard in most criminal prosecutions.

Moreover, even on summary judgment or at trial, "[b]oth the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and . . . intent may be established through circumstantial evidence." In re Dana Corp., 574 F.3d at 153–59 (internal quotation omitted) (reversing summary judgment dismissal of conspiracy claim where, despite the "self-serving" denials of participation by all defendants, circumstantial evidence supported the claim); see also Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994) (noting "conspiracies are by their very nature secretive operations that can hardly ever be proven by direct evidence"). Plaintiff hardly need to allege conspiracy in the Complaint in more detail than they

-10-

would need to prove it at trial.  Plaintiff's allegations of cooperation and agreement are more than sufficient to withstand a motion to dismiss on the conspiracy claim. See, e.g., Bertuglia v City of New York, 839 F. Supp. 2d 703, 728 (S.D.N.Y Mar. 19, 2008) ("The allegation that [defendants] together served coercive subpoenas, together visited Laro's clients in order to stigmatize his business, and together harassed potential witnesses are sufficient to suggest plausibly that there was a genuine meeting of the minds between [them].")

O'Connor erroneously argues that since O'Connor is a private individual he is not under the ambit of a 1983 conspiracy claim. O'Connor Motion p.5

See also Vonritter v. Town of Bethel, Ct., No. 91–CV–612,1993 WL 83291, *5 (N.D.N.Y., Mar. 15, 1993) ("Proving the existence of such a conspiracy [for false arrest and malicious prosecution under §1983] serves to impose liability on all conspirators for the unlawful acts of their co-conspirators committed in furtherance of the conspiracy"); Cagan v. Gadman, No. 08–CV–3710 (SJF)(ARL), 2012 WL 1071275, *4 (E.D.N.Y. Mar. 28, 2012) ("Proof of a civil conspiracy under New York law connect[s] a defendant with the transaction[,] . . . charge[s] him with the acts and declarations of his co-conspirators, and exposes that defendant to joint and several liability for the victim's losses." (intneral citaton omitted)

## IV. All Elements of Coopers Malicious Prosecution Claim are Well-Pleaded

The § 1983 and state law malicious prosecution claims require allegations supporting the following four elements: (1) initiation or continuation of a criminal proceeding; (2) favorable termination of that proceeding; (3) lack of probable cause; and (4) malice. Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010); Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir.

2003); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)).

### A. Plaintiff Has Adequately Pleaded a Lack of Probable Cause

"Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." Colon, 60 N.Y.2d at 82 (citations omitted). See Manganiello, 612 F.3d at 161 ("The existence of probable cause must be determined by reference to the totality of the circumstances." (citation omitted)). First, Defendants "withheld evidence" from prosecutors, Manganiello, 612 F.3d at 160, including the truth about what actually occurred and their complete failure to credit the testimony of a witness of the incident when Schrell arrived . Plaintiffs' allegations, taken as true, show that Defendants were "determined simply to make a case against" Cooper and engaged in extensive misconduct to do so; as in Manganiello, that is sufficient to sustain a malicious prosecution claim.

Plaintiff alleges that Defendants intentionally and knowingly deliberately misrepresented the truth. The Court must consider the allegations Plaintiff actually made and in the light most favorable to Plaintiff, rather than credit Defendants' distortions and mischaracterizations. Selevan, 584 F.3d at 88..On a motion to dismiss, Plaintiff's factual allegations—including the allegations that Defendants fabricated evidence and engaged in other misconduct—must be accepted as true. Selevan, 584F.3d at 88. Even if "[a]t this point in the litigation, [plaintiffs] ha[ve] presented no evidence of any such misconduct on the part of defendants . . . [n]evertheless, since plaintiff[s'] complaint adequately alleges the commission of acts that violated clearly established law, [they are] entitled to attempt to establish defendants' misconduct through discovery." Cox, 780 F. Supp. at 109; see also Guzman v. City of New York, No. 08–CV–2853 (FB)(VVP), 2010 WL 4025563,

at *2–3 (E.D.N.Y. Oct. 13, 2010) (denying motion to dismiss malicious prosecution claim, accepting as true plaintiff's allegations as to defendants' misconduct and the lack of probable cause).

City further reliance on extrinsic exhibits which they claim allow the Court to conclude as a matter of law that probable cause existed should be countenanced by this court. City. Br. at 6. But apart from the inappropriateness of considering this evidence outside the Complaint at all on the motion to dismiss, see Friedl, 210 F.3d at 83–84, it is undisputed that the "victim" who supplied the sworn affidavits was lying which was why the case against Cooper was dismissed. It is a reasonable inference, given that they were lying, it was obvious to the officers involved that Cooper did nothing wrong.. Of course, it is possible that they were simply excellent liars, but that is not a question that may be resolved at this stage: The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. Fact-specific questions cannot be resolved on the pleadings. A court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible. Anderson News, 680 F.3d at 185 (internal quotations, citation and alterations omitted). A report from a putative victim only provides probable cause in the absence of "circumstances [that] raise doubt as to the person's veracity." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). Cooper has pleaded that Defendants knew or should have known the statements were false and were only credited in order to protect a fellow officer must be accepted as true now, Selevan, 584 F.3d at 88.

Defendants cannot rely on the extrinsic materials to establish probable cause. See Guzman, 2010 WL 4025563, at *2 (holding that from plaintiff's allegations, "accepted as true, it can

-13-

reasonably be inferred that [defendants] knew that Bulger was lying when he accused Guzman of robbery; such knowledge would defeat the defense of probable cause."); Middleton v. City of New York, No. 04-CV-1304 (JFB)(LB), 2006 WL 1720400, at *6 (E.D.N.Y. June 19, 2006) ("[A] key question on the issue of probable cause is whether there were circumstances known to the police at the time of the arrest that were sufficient to raise doubts as to the alleged victim's veracity and negate probable cause (even assuming *arguendo* it existed based on the victim's initial complaint alone"))

"Where the question of . . . probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events, the existence *vel non* of probable cause is to be decided by the jury." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). Given the obvious factual disputes, this may not be decided on a motion to dismiss. See Dougherty, 282 F.3d at 92.

### B. The Complaint Alleges Defendants Initiated or Continued the Prosecution

Plaintiff's allegations that Defendants fabricated evidence and forwarded it to prosecutors satisfy the "initiation" element of a malicious prosecution claim. Ricciuti, 124 F.3d at 130 ("a jury could clearly find that" defendant who "fil[ed] the charges" or "prepar[ed an] alleged false confession and forward[ed] it to prosecutors" initiated prosecution); Guzman, 2010 WL 4025563 at *2 (allegations that officers "created and submitted erroneous evidence and an erroneous police report . . . adequately pleads the [initiation] element of malicious prosecution"). Defendants brush aside the repeated allegations that they gave fabricated evidence to prosecutors, focusing instead on improper extrinsic evidence; those who actually do initiate or continue a prosecution (without probable cause and with malice) may be held liable for malicious prosecution. See Kalina v. Fletcher, 522 U.S. 118, 135 (1997) (Scalia, J., dissenting) (noting that "a 'complaining witness'

-14-

could be sued for malicious prosecution whether or not he ever provided factual testimony, so long as he had a role in initiating or procuring the prosecution.").

It is well-established that an officer who misleads a prosecutor "cannot hide behind the decision of the DA to prosecute" based on fabricated evidence the officer proffers. Blake v. Race 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007); Zahrey, 221 F.3d at 352 ("[i]t is not readily apparent why the chain of causation should be considered broken where the initial wrongdoer can reasonably foresee that his misconduct will contribute to an 'independent' decision that results in a deprivation of liberty."); Jones v. City of Chicago, 856 F.2d 985, 994 (7th Cir. 1988) ("[A]prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision. . . . [Defendants] cannot hide behind the officials whom they have defrauded").

### C. Malice is Amply Pleaded

Plaintiffs specifically allege that Defendants acted with malice, and support that general allegation with more than sufficient specific facts rendering it plausible. First, Defendants' lack of probable cause to prosecute Cooper alone "raises an inference of malice." Ricciuti, 124 F.3d at 131; Boyd, 336 F.3d at 78. Second, Defendants' rampant misconduct throughout the prosecution of Cooper, detailed in the complaint, is indicative of malice. Third, Plaintiff has plainly alleged that Defendants acted "due to a wrong or improper motive": specifically, that they were working with the Defendants to help protect Jacobs from facing disciple or criminal charges for his role in the brutal beating of Cooper , by pursuing the meritless prosecution of Cooper.

To establish a cause of action for false arrest under New York law, a plaintiff must show

-15-

that "(1) the defendant intended to confine [him], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Paul v. Bank of Am. Corp., No. 09 Civ. 1932(ENV)(JMA), 2011 U.S. Dist. LEXIS 15569, 2011 WL 684083, at *6 (E.D.N.Y. Feb. 16, 2011) (citing Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384, 389 (S.D.N.Y. 2008). "To prove intent, the defendant must have either (a) confined or intended to confine the plaintiff or (b) affirmatively procured or instigated the plaintiffs' arrest." King v. Crossland Sav. Bank, 111 F.3d 251, 255 (2d Cir. 1997).

In Rivera the court held that "Plaintiff's allegation that Defendants ...knowingly provided false statements to the [*15] police, which led to Plaintiff's arrest, is sufficient to plead the requisite intent. (Compl. ¶ 113.) See Paul, 2011 U.S. Dist. LEXIS 15569, 2011 WL 684083 at *7 ("Common sense commands the conclusion that if defendants intentionally provided the police with [false] information that plaintiff is pleading that defendant provided such information with the intent of instigating her arrest and confinement."). Plaintiff further asserts that McGuire, acting as an "agent" of the Balters, notified the police of the mediation in order to "make an example" of Plaintiff....Accordingly, Plaintiff has met the Twombly plausibility standard in pleading the Balters' intent to instigate his arrest and confinement". Rivera v Balter Sales Co., 2014 US Dist LEXIS 166097, [SDNY Dec. 1, 2014, No. 14-CV-1205-LTS]

The court then addressed the second factor "Since Plaintiff was evidently conscious of the confinement and did not consent to it, the next issue is whether Plaintiff has adequately alleged that the confinement was not otherwise privileged. A confinement is privileged if it is supported by probable cause. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (finding that probable cause is a complete defense to a false arrest claim). Under New York law, an action for

false arrest does not arise when a private individual "merely seek[s] police assistance or furnishes information to law enforcement authorities." Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131, 688 N.Y.S.2d 12, 15 (1st Dep't 1999). On the other [*16]  hand, private defendants may be held liable for false arrest where the defendants "lacked reasonable cause for their belief in the plaintiff's culpability." Rivers v. Towers, Perrin, Forster & Crosby, Inc., No. 07 Civ. 5441(DGT)(RML), 2009 U.S. Dist. LEXIS 26301, 2009 WL 817852, at *4 (E.D.N.Y. Mar. 27, 2009) (citing Weintraub v. Board of Educ. of the City of New York, 423 F. Supp. 2d. 38, 56 (E.D.N.Y. 2006)).

As in the instant case, the  Defendants argued that Plaintiff cannot make out a false arrest claim as a matter of law because Plaintiff has not sufficiently pled Defendants' lack of reasonable cause for belief in Plaintiff's culpability. Id.  The court ruled " at the pleading stage, however, plaintiff does not have to explain why defendants lacked probable cause or support the general allegation." Paul, 2011 U.S. Dist. LEXIS 15569, 2011 WL 684083 at *8. Plaintiff alleges that "[d]efendants lacked reasonable cause for [their] belief that Plaintiff was guilty of stealing money from them," and further alleges that Defendants knew that the statements that "led to Plaintiff's arrest were false at the time they were made." The absence of reasonable cause is sufficiently pled." Accordingly, Defendants' motion to dismiss Plaintiff's false arrest claim  is denied. Rivera v Balter Sales Co., 2014 US Dist LEXIS 166097, at *13-16 [SDNY Dec. 1, 2014, No. 14-CV-1205-LTS].

In Day,  the Defendants asserted that the claims of false arrest and illegal search and seizure nevertheless were barred by the doctrine of qualified immunity. Day v Morgenthau, 909 F2d 75 [2d Cir 1990].) The court held that "Qualified immunity will preclude a trial on ... claims

-17-

if, based on the facts known to ..., it was objectively reasonable for ... to believe that probable cause existed for the arrest. See Krause v. Bennett, 887 F.2d 362, 368 (2d Cir. 1989). ... also may be entitled to qualified immunity if it was objectively reasonable for him to rely on the information he received from .... See Calamia v. City of New York, 879 F.2d 1025, 1033 (2d Cir. 1989); see also United States v. Ventresca, 380 U.S. 102, 110, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965). The qualified immunity issue cannot be resolved on the face of the present complaint, however, because the complaint does not identify what facts were known to Moscow and Murray at the time of the arrest and search." Day v Morgenthau, 909 F2d 75, 78 [2d Cir 1990].)

**Color of law**

"Section 1983 provides that [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.'" Fredricks v. City of New York, No. 12-CV-3734, 2014 U.S. Dist. LEXIS 109230, 2014 WL 3875181 (S.D.N.Y. July 23, 2014) (quoting 42 U.S.C. § 1983). Section 1983 does not provide a plaintiff with substantive rights; it merely gives plaintiff an avenue to "vindicat[e] federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In order to state a claim under § 1983, a plaintiff must show that (1) the alleged conduct was committed by a person under the color of state law and that(2) the alleged conduct must have deprived a person of "rights, privileges, or immunities secured by the Constitution or laws of the United [*6] States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). The plaintiff must allege specific facts "indicating a deprivation of [federal] rights." See Claudio v. Sawyer, 675 F. Supp. 2d 403, 407 (S.D.N.Y. December 23, 2009). Nieves

v City of NY, 2017 US Dist LEXIS 133503, at *5-6 [SDNY Aug. 18, 2017, No. 15-CV-2227 (ALC)].)

Here the complaint adequately alleges that officer Jacobs used his authority as an NYPD lieutenant to have Cooper wrongfully arrested by the City Defendants .

In assessing the plausibility of a plaintiff's allegations, the question is not whether the plaintiff will ultimately prevail, but whether the "complaint [*4] [is] sufficient to cross the federal court's threshold." Skinner v. Switzer, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011). The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. Twombly, 550 U.S. at 556; see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120–21 (2d Cir. 2010) ("[W]e reject [the] contention that Twombly and Iqbal require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."). Simply put, "[w]hile a complaint need not contain 'detailed factual allegations,' it requires 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" Matson, 631 F.3d at 63 (quoting Iqbal, 129 S. Ct. at 1949).

When a motion is challenged for failure to state a claim, the Court accepts the facts as alleged. See id. As it finds in Plaintiffs' favor without considering Plaintiffs' Exhibits A or B, the Court need not address their admissibility at this stage of the litigation. See Pls.' Opp'n [doc. # 40-1] Exs. A & B. Similarly, the Court need not address [*5] the "spoliation of evidence" dispute raised by the parties.

In order to state a claim under § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or federal law. Here,

-19-

the analysis breaks down into two inquiries: whether the officers were acting under color of state law and whether their actions deprived ...of a right secured by the Constitution or federal law. The controlling factor in whether a police officer acted under color of state law is the police officer's action itself. The evaluation of the nature of an officer's action turns on the "totality of the circumstances surrounding the officer's acts, with attention to the nature of the officer's acts (rather than simply the officer's [*7] duty status) and the relationship of that conduct to the officer's official duties," Claudio v. Sawyer, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009), aff'd 409 F. App'x 464 (2d. Cir. 2011) (quotation marks omitted). Whether the police officer is on duty, in uniform, in a police vehicle, is displaying other indicia of authority, or has communicated his or her status as a police officer and the victim's perception of the state actor are relevant—but not determinative or dispositive—information. See, e.g., Wahhab v. City of New York, 386 F. Supp. 2d 277, 287-89 (S.D.N.Y. 2005) (discussing many of these factors when evaluating whether an off-duty police officer acted under color of state law). Ultimately, the "'relevant question' in determining whether an action was taken under color of law 'is not whether the [action] was part of the defendant's official duties but, rather, whether the [action] was "made possible only because the wrongdoer is clothed with the authority of [federal] law."'" United States v. Temple, 447 F.3d 130, 138 (2d Cir. 2006) (quoting United States v. Walsh, 194 F.3d 37, 51 (2d Cir. 1999) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941))) (alterations in original).

A civilian complainant who, in good faith, seeks "police assistance or furnish[es] information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed," generally will not be held liable

-20-

for false arrest. <u>Weintraub v. Bd. of Educ. of City of N.Y.</u>, 423 F. Supp. 2d 38, 55 (E.D.N.Y. 2006); <u>Du Chateau v. Metro-North Commuter R.R. Co.</u>, 253 A.D.2d 128, 688 N.Y.S.2d 12, 15 (2d Dep't 1999). However, "even where there is no claim that a defendant actually restrained or confined a plaintiff, a claim for false arrest may lie where a plaintiff can 'show that . . . [a] defendant [who 'lacked reasonable cause for . . . belief in plaintiff's culpability'] instigated his arrest, thereby making the police . . . agents in accomplishing [his] [*11] intent to confine the plaintiff.'" <u>Weintraub</u>, 423 F. Supp. 2d at 55 (<u>quoting Carrington v. City of New York</u>, 201 A.D.2d 525, 607 N.Y.S.2d 721, 722 (2d Dep't 1994) and <u>DeFilippo v. County of Nassau</u>, 183 A.D.2d 695, 696-97, 583 N.Y.S.2d 283 (2d Dep't 1992)).

Viewing the record in the light most favorable to Plaintiff, a reasonable fact finder could infer that Det. Grady knowingly made a false report to the on-duty officers that Plaintiff pulled a knife on him in order to have the on-duty officers carry out his intent to have Plaintiff falsely arrested. Indeed, the jury could believe Plaintiff's arguments that Det. Grady's objective in filing the allegedly false report to the on-duty officers was to cover up his altercation with Plaintiff on the sidewalk. Because there are genuine issues of material fact as to the falsity of the report and Det. Grady's motivation in making it, Det. Grady's motion is denied as to Plaintiff's false arrest claim, insofar as it is premised on Det. Grady's statement in connection with the arrest. <u>McNamara v City of NY</u>, 2009 US Dist LEXIS 22639, at *10-11 [SDNY Mar. 19, 2009, No. 06 Civ 5585 (LTS) (FM)].)

Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in Plaintiffs' favor, <u>see Matson</u>, 631 F.3d at 63, however, the Court believes that Plaintiffs' allegations are plausible. The Court believes it possible that, for example, the police

-21-

officers were only driving at high speeds because they knew they were clothed with the authority

of state law or because they had just been involved in official duties that resulted in them being

in a state of excitement. <u>Servin v Anderson</u>, 2012 US Dist LEXIS 6422, at *3-8 [D Conn Jan. 20,

2012, No. 3:11cv539 (MRK)].)

       "The Court holds that Plaintiffs have stated a claim that **David Servin's constitutional**

**rights were violated for the purposes of surviving a motion to dismiss**. Although this is

unquestionably a "closer  [*16] call,"... For the purposes of this motion, Plaintiffs' allegations

"nudge[] their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 57

<u>Servin v Anderson</u>, 2012 US Dist LEXIS 6422, at *15-16 [D Conn Jan. 20, 2012, No. 3:11cv539

(MRK)].) (Emphasis added)

      Accordingly plaintiffs complaint should survive defendants motion because it adequately

states plaintiffs claims.

<u>DEFENDANTS FAILURE TO CHALLENGE THE OTHER CLAIMS.</u>

      Defendant City lastly argues that this Court should decline to exercise supplemental

jurisdiction over the state law claims if it dismisses the federal claims. But the federal claims are

amply pled, and Defendant City have waived any substantive challenge to the adequacy of the

state law claims by failing to raise them in this motion. *See* <u>Blissett v. Coughlin</u>, 66 F.3d 531,

538(2d Cir. 1995)

<u>**CONCLUSION**</u>

For the foregoing reasons, plaintiffs respectfully request that the defendants motion to dismiss the complaint should be denied, together with such other and further relief as this court deems fit.

<div style="margin-left:45%;">

BARRY R. FEERST & ASSOCIATES

BY: <u>/s/</u>_____
YITZCHOK KOTKES (YK0338)
Attorney(s) for Plaintiff
194 South 8th Street
Brooklyn, New York 11211
(718)384-9111

</div>

Dated: Brooklyn, New York
    December 1, 2017