17-CV-01517 (NGG) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN COOPER,

Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE LIEUTENANT
THOMAS JACOBS, POLICE OFFICER JESSICA
SCHRELL SHIELD NO. 26482, POLICE
DEPARTMENT SERGEANT BRENDAN RYRN, NEW
YORK POLICE OFFICERS JOHN DOES 1-10 the
identity of whom is presently unknown, in their
individual and official capacities as New York City
Police Officers; DANIEL O' CONNOR,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Sergeant Brendan Ryan, and Police Officer*
*Jessica Schrell*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Christopher D. DeLuca*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT .................................................................. 1

ARGUMENT

      POINT I

            DOCUMENTS CAN BE PROPERLY CONSIDERED BY THE COURT ........................................................2

      POINT II

            PLAINTIFF FAILED TO COMPLY WITH n.Y. GEN. MUN. LAW § 50-E........................................................5

      POINT III

            PLAINTIFF FAILS TO STATE A CLAIM FOR LIBEL AND SLANDER........................................................7

      POINT IV

            PLAINTIFF'S CONSPIRACY CLAIM FAILS AS A MATTER OF LAW ........................................................8

      POINT V

            PLAINTIFF'S MALICIOUS PROSECUTION CLAUM FAILS AS A MATTTER OF LAW ........................................................9

            A.   There was Probable Cause for Commencing the Criminal Proceeding Against Plaintiff........................................................9

            B.   The Complaint Fails to Allege that Defendants Initiated or Continued the Prosecution Against Plaintiff........................................................11

            C.   Malice is not Amply Plead........................................................12

      POINT VI

            PLAINTIFF'S FALSE ARREST CLAIM FAILS AS A MATTER OF LAW ........................................................13

**Page**

    A.   There was Probable Cause for Plaintiff's Arrest Based on the Statements of a Complaining Victim ....................................................... 13

    B.   There was Probable Cause for Plaintiff's Arrest Based on Plaintiff's Possession of Marijuana ........................................................... 14

POINT VII

    SINCE PLAINTIFF FAILED TO ADDRESS MANY OF DEFENDANTS' ARGUMENTS THE CLAIMS BELOW SHOULD ALSO BE DEEMED ABANDONED ................................................. 14

POINT VIII

    DEFENDANTS CHALLENGED ALL OF PLAINTIFF'S CLAIMS IN THEIR MOTION TO DISMISS ........................................................... 15

CONCLUSION ........................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Abdul-Rahman v. City of New York,
    No. 17-CV-2778, 2012 U.S. Dist. LEXIS 45653 (E.D.N.Y. Mar. 27, 2012)............................3

Anderson News, L.L.C. v. Am. Media, Inc.,
    680 F.3d 162 (2d Cir. 2012)........................................................................................8

Anti-Monopoly, Inc., v. Hasbro, Inc.,
    958 F. Supp. 895 (S.D.N.Y. 1997)........................................................................6, 14

Bailey v. City of N.Y.,
    79 F. Supp. 3d 424 (E.D.N.Y. 2015) .........................................................................5

Bell Atlantic v. Twombly,
    550 U.S. 544 (2007).....................................................................................................8

Blake v. Race,
    487 F. Supp. 2d 187 (E.D.N.Y. 2007) ....................................................................11

Boddie v. Schnieder,
    105 F.3d 857 (2d Cir. 1997).......................................................................................9

Conte v. County of Nassau,
    No. 06-CV-4746 (JFB) (ETB) 2008 U.S. Dist. LEXIS 25694
    (E.D.N.Y. Mar. 31, 2008) .........................................................................................5

Crown Heights Shomrim Volunteer Safety Patrol, Inc. v. City of New York,
    11-CV-329 (KAM) 2014 U.S. Dist. LEXIS 136293 (E.D.N.Y. Sept. 25, 2014) ...................11

Curley v. Vill. of Suffern,
    268 F.3d 65 (2d Cir. 2001)..................................................................................11, 13

Devenpeck v. Alford,
    543 U.S. 146 (2004).................................................................................................13

DiRuzza v. Vill. of Mamaroneck,
    No. 14 Civ. 1776, 2014 U.S. Dist. LEXIS 166208,
    2014 WL 6670101 (S.D.N.Y. Oct. 6, 2014) ............................................................6

Dudek v. Nassau County Sheriff's Dep't,
    991 F. Supp. 2d 402 (E.D.N.Y. 2013) ....................................................................14

**Cases**                                                                                                   **Pages**

Harris v. Howard,
    No. 08 Civ. 4837 (CM),
    2009 U.S. Dist. LEXIS 105860 (S.D.N.Y. Oct. 23, 2009) ......................................................3

Hazan v. City of New York,
    No. 98 Civ. 1716 (LAP),
    1999 U.S. Dist. LEXIS 10499 (S.D.N.Y. July 9, 1999). ..........................................................6

Hellerstrom v. U.S. Dep't of Veteran's Affairs,
    201 F.3d 94 (2d Cir. 2000)........................................................................................................5

Hunt-Watts v. Nassau Health Care Corp.,
    12-CV-1815 (PKC),
    2014 U.S. Dist. LEXIS 116728 (E.D.N.Y. Aug. 21, 2014)....................................................15

Jackson v. City of New York,
    29 F. Supp. 3d 161 (E.D.N.Y. 2014) ........................................................................................6

Jocks v. Tavernier,
    316 F.3d 128 (2d Cir. 2003)....................................................................................................10

Jones v. City of Chicago,
    856 F.2d 985 (7th Cir. 1988) ..................................................................................................11

Liberman v. Gelstein,
    80 N.Y.2d 429 (1992) ...............................................................................................................8

McGee v. Doe,
    568 Fed. Appx. 32 (2d Cir. 2014) .............................................................................................9

Middleton v. City of New York,
    No. 04-CV-1304 (JFB) (LB),
    2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. Jun. 19, 2006) ......................................................10

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006)....................................................................................................10

Polo v. City of New York,
    No. 12-CV-3742 (SJ) (VVP),
    2013 U.S. Dist. LEXIS 132771 (E.D.N.Y. Sept. 17, 2013)......................................................3

Raffaele v. City of New York,
    No. 13-CV-4607 (KAM) (VVP),
    144 F. Supp. 3d 365 (E.D.N.Y. Oct. 30, 2015).........................................................................7

**Cases**                                                                                          **Pages**

Ricciuti v. City of New York Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)............................................................................11

Rinaldi v. Holy, Rinehart & Winston, Inc.
    42 N.Y.2d 369 (1977) ...............................................................................7

Rivera v. Balter Sales Co.,
    No. 17 Civ. 1205 (LTS),
    2014 U.S. Dist. LEXIS 166097 (S.D.N.Y. Dec. 1, 2014) ......................................13

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000)...........................................................................11

Roth v. Jennings,
    489 F.3d 499 (2d Cir. 2007)...........................................................................3

Salinas v. United States,
    522 U.S. 52 (1977)....................................................................................8

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)............................................................................2

Schafer v. Hicksville Union Free Sch. Dist.,
    No. 06-civ-2531, 2011 U.S. Dist. LEXIS 35435,
    2011 WL 1322903 (E.D.N.Y. Mar. 31, 2011) .....................................................6

Sheridan v. Dubow,
    No. 92 Civ. 6024 (LJF),
    1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. August 30, 1993) ....................................4

United States v. Rea,
    958 F.2d 1206 (2d Cir. 1992)..........................................................................8

United States v. Sabhnani,
    599 F.3d 215 (2d Cir. 2010)...........................................................................8

Valcarcel v. City of New York,
    No. 13-CV-1740 (KAM),
    2014 U.S. Dist. LEXIS 122864 (E.D.N.Y. Jul. 29, 2014)....................................2, 3

Weaver v. In Clerks Office City of N.Y.,
    No. 13-CV-20 (CBA) (SMG),
    2014 U.S. Dist. LEXIS 32036 (E.D.N.Y. Mar. 11, 2014) ......................................3

**Cases**                                                                                                                 **Pages**

Wilson v. McMullen,
     No. 07-CV-948 (SLT) (LB),
     2010 U.S. Dist. LEXIS 32335 (E.D.N.Y. Mar. 30, 2010) ......................................................12

Wingate v. Deas,
     No. 11-CV-1000 (ARR),
     2012 U.S. Dist. LEXIS 47831 (E.D.N.Y. Apr. 2, 2012) ........................................................3

**Statutes**

42 U.S.C. § 1983 ...........................................................................................................8, 13, 14

Fed. R. Civ. P. 12(b) ...............................................................................................................4

Fed. R. Civ. P. 12(b)(6) ............................................................................................2, 3, 4, 15

Fed. R. Civ. P. 56 ................................................................................................................4, 5

N.Y. Gen. Mun. Law § 50-E ..............................................................................................5, 6

## PRELIMINARY STATEMENT

"Complicated" is a common theme throughout plaintiff's opposition papers. Instead of addressing many of defendants' initial arguments put forth in their motion to dismiss the Amended Complaint, through misapplying and misstating case law, and in numerous instances, without citing to any authority at all, plaintiff attempts to argue that the current matter before the Court is a complicated one: a matter involving intricate conspiracies and cover-ups that cannot be decided as matter of law. However, a review of the record establishes that this matter is anything but complicated. In fact, it's very simple. The facts alleged in the Amended Complaint, and established by documents that can be properly considered by the Court, demonstrate that probable cause existed to arrest and prosecute plaintiff for multiple crimes, including assault and criminal possession of marijuana, and that plaintiff fails to state a claim for libel and slander. Furthermore, plaintiff's opposition papers fail to address defendants' arguments that defendant Ryan lacked personal involvement in plaintiff's federal claims; that defendants Ryan and Schrell are entitled to qualified immunity; that plaintiff's supervisory liability, municipal liability, and state law false arrest and malicious prosecution claims fail as a matter of law, and therefore should be deemed abandoned. For the reasons set forth in defendant's moving papers, and for the reasons set forth below, defendants' motion to dismiss the Amended Complaint should be granted and the Amended Complaint should be dismissed in its entirety with prejudice.

**ARGUMENT**

**POINT I**

**DOCUMENTS CAN BE PROPERLY CONSIDERED BY THE COURT**

Although plaintiff argues that defendants cannot rely on extrinsic documents to support their motion to dismiss, plaintiff himself attached and incorporated multiple documents to his Amended Complaint, including The New York Post article published on March 23, 2016 describing the alleged incident that forms the basis for his Amended Complaint; a supporting deposition signed by co-defendant Thomas Jacobs; the Kings County Criminal Court Complaint against Daniel O'Connor; and an order of protection issued in favor of plaintiff.  (See Plaintiff's Amended Complaint at Docket Entry No. 36 and exhibits attached thereto and Declaration of Christopher DeLuca, dated October 13, 2017 (hereinafter "DeLuca Decl.") as Exhibit "A" (hereinafter "Ex. A") at Exs. 1-4, respectively).

Plaintiff argues that the NYPD complaint and arrest report, plaintiff's 50-H testimony, the Kings County Criminal Complaint, and plaintiff's notice of claim should not be considered by the Court as they are not incorporated by reference in the Amended Complaint, nor are they documents of which the Court can take judicial notice.  Plaintiff is mistaken.  In deciding a motion brought under Fed. R. Civ. P. 12(b)(6), a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents."  McLennon v. City of New York, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016) (citation and quotation omitted).  "The court may also look to public records for limited purposes ("If the court takes judicial notice, it does so in

2

order to determine what statements they contained . . . not for the truth of the matters asserted.")."  Abdul-Rahman v. City of New York, No. 17-CV-2778, 2012 U.S. Dist. LEXIS 45653, *7 (E.D.N.Y. Mar. 27, 2012) (quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)).  Even though, in some instances, district courts in the Second Circuit differ as to whether arrest and complaint reports are facts of which a court may properly take judicial notice of in deciding a motion to dismiss under Rule 12(b)(6), courts in the Eastern and Southern districts have ruled that they can.  See Harris v. Howard, No. 08 Civ. 4837 (CM), 2009 U.S. Dist. LEXIS 105860, at *5 (S.D.N.Y. Oct. 23, 2009); see also Wingate v. Deas, No. 11-CV-1000 (ARR), 2012 U.S. Dist. LEXIS 47831, at *2, n. 1 (E.D.N.Y. Apr. 2, 2012).  Courts have also taken judicial notice of a plaintiff's 50-h testimony in deciding a motion to dismiss.  See Valcarcel v. City of New York, No. 13-CV-1740 (KAM), 2014 U.S. Dist. LEXIS 122864, *11 (E.D.N.Y. Jul. 29, 2014); see also Polo v. City of New York, No. 12-CV-3742 (SJ) (VVP), 2013 U.S. Dist. LEXIS 132771, *1 (E.D.N.Y. Sept. 17, 2013). Here, plaintiff makes numerous direct references to his Kings County Criminal Court Complaint throughout his Amended Complaint.  (See Ex. A. at ¶¶ 57-61).  Indeed, plaintiff himself attached the supporting deposition of Thomas Jacobs, the victim in the criminal case against plaintiff, which is meaningless and has no legal effect without considering plaintiff's Criminal Court Complaint.   Plaintiff also makes direct and specific reference to the Notice of Claim in his Amended Complaint (See Ex. A. at ¶¶ 6-7).  See Weaver v. In Clerks Office City of N.Y., No. 13-CV-20 (CBA) (SMG), 2014 U.S. Dist. LEXIS 32036, *10 (E.D.N.Y. Mar. 11, 2014) (case where plaintiff referred to the notice of claim in one paragraph of the Complaint and the Court held that "the notice of claim . . . is incorporated by reference and should be deemed part of the pleading').  Furthermore, since plaintiff's arrest and

complaint reports are matters of public record, it is well within the Court's discretion to take judicial notice of them in deciding the current motion to dismiss.

Plaintiff further argues that "none of these documents is properly considered on a motion to dismiss . . . as the City's reliance on these documents for the truth of the matters asserted is impermissible even if the documents were properly considered at this stage." See Pl's Opp. at p. 5.  However, fatal to plaintiff's argument is that defendants are not relying upon these documents for the truth of the matter asserted.  Instead, defendants respectfully submit that the Court can take judicial notice of these documents to determine what statements they contained or, in the case of the Notice of Claim, omitted.  Indeed, the arrest and complaint reports and the criminal court complaint are not being offered for the truth that plaintiff actually committed the assault he was charged with, but rather to determine what statements the complaining victim made to the police to determine whether there was probable cause to arrest plaintiff based on that statement.  The arrest report, complaint report, and criminal court complaint all show that a complaining victim, Thomas Jacobs, stated to the police that he was struck by plaintiff causing redness and pain to his face.  (See Ex. B, C, and E).  Plaintiff's 50-h testimony shows that he admitted to possessing a quantity of marijuana on the date of the incident (See Ex. D), and plaintiff's notice of claim shows that it does not contain defendants Schrell or Ryan's names anywhere.  (See Ex. F).

In the alternative, if "matters outside the pleading are presented to and not excluded by the court," the Court may *sua sponte* convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 12(b); see Sheridan v. Dubow, No. 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, *2 (S.D.N.Y. August 30, 1993)(wherein Court converted a motion brought pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).  Plaintiff incorrectly states that "conversion to summary judgment would be inappropriate, where discovery has yet to be completed."  See Pl's Opp. at p. 5.   In support, plaintiff cites to Hellerstrom v. U.S. Dep't of Veteran's Affairs, 201 F.3d 94, 97 (2d Cir. 2000) and Conte v. County of Nassau, No. 06-CV-4746 (JFB) (ETB) 2008 U.S. Dist. LEXIS 25694 (E.D.N.Y. Mar. 31, 2008).  However, the Hellerstrom court was not dealing with whether or not to convert a motion to dismiss to a motion for summary judgment, and in Conte the Court held that it would be premature to convert the motion to dismiss given the lack of discovery.  The cases cited by plaintiff are inapplicable as discovery in this case has only been stayed with regards to depositions.  (See Docket Entry No. 46, Memorandum and Order Dated August 1, 2017).   In fact, contrary to plaintiff's assertions, discovery has been ongoing for months in this case.  Accordingly, defendants submit that the exhibits in support of their motion to dismiss should be considered by the Court in deciding the current motion as they are either incorporated by reference in the Amended Complaint or documents of which the Court may take judicial notice and in the alternative, the Court may *sua sponte* convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## POINT II

### PLAINTIFF FAILED TO COMPLY WITH N.Y. GEN. MUN. LAW § 50-E

Plaintiff argues that since courts are split on whether individual defendants need to be named in a notice of claim, and that since the New York Court of Appeals has not yet ruled on this issue, individual defendants do not need to be named in the Notice of Claim.  Through citing Bailey v. City of N.Y., 79 F. Supp. 3d 424 (E.D.N.Y. 2015),  plaintiff attempts to argue that the Eastern District as a whole, through quoting a Southern District decision, subscribes to

the rule that individual defendants do not need to be named in the notice of claim.  However, as plaintiff notes, there is a split between the First and Fourth Departments as well as a split between the Southern and Eastern Districts.  In any event, since the Court of Appeals has yet to rule on the issue, District Courts can still decide that individually defendants need to be specifically named in the notice of claim[1].  As such, since plaintiff fails to name defendants Ryan and Schrell in his notice of claim, the state law claims against them should be dismissed.

Additionally, plaintiff fails to address defendants' second argument that "any theory of liability omitted from the notice of claim may not be included in a subsequent lawsuit." Hazan v. City of New York, No. 98 Civ. 1716 (LAP), 1999 U.S. Dist. LEXIS 10499, *19 (S.D.N.Y. July 9, 1999).  Plaintiff also fails to address defendants' argument that since plaintiff's notice of claim did not make any mention of bringing a claim for defamation, nor did it put defendant Ryan on notice that a claim for defamation would be brought against him, plaintiff's state law claim of defamation should be dismissed.  Where plaintiff failed to offer any response to defendants' argument, plaintiff's claim should be deemed abandoned, and defendants' motion to dismiss should be granted as to these claims. See Anti-Monopoly, Inc., v. Hasbro, Inc., 958 F. Supp. 895, 907 (S.D.N.Y. 1997) ("The failure to provide argument on a point at issue constitutes abandonment of the issue.").  Accordingly, since plaintiff has failed to comply with N.Y. Gen. Municipal Law § 50-e in not naming the individual defendants and including a defamation claim in his notice of claim, his state law claims against the individual defendants must be dismissed.

---

[1] See Schafer v. Hicksville Union Free Sch. Dist., No. 06-civ-2531, 2011 U.S. Dist. LEXIS 35435, 2011 WL 1322903, at *11 (E.D.N.Y. Mar. 31, 2011) (dismissing claims against defendants not named in notice of claim); DiRuzza v. Vill. of Mamaroneck, No. 14 Civ. 1776, 2014 U.S. Dist. LEXIS 166208, 2014 WL 6670101, at *3 (S.D.N.Y. Oct. 6, 2014) (dismissing claim against individual defendant mentioned in narrative but not identified as a respondent in notice of claim); see also Jackson v. City of New York, 29 F. Supp. 3d 161 (E.D.N.Y. 2014) (finding that failure to name individual defendants in a notice of claim is fatal to plaintiff's state law claims unless the deficiency can be cured).

**POINT III**

**PLAINTIFF FAILS TO STATE A CLAIM FOR
LIBEL AND SLANDER**

Without citing to any case law or authority, plaintiff baldly argues in his opposition papers that "City is mistaken regarding the elements of slander and libel". See Pls. Opp. at p. 7. However, once again, plaintiff is mistaken. As an initial matter, the elements of libel and slander cited by defendants in their motion to dismiss are the exact elements cited by co-defendant Jacobs in his motion to dismiss. See Def. Jacobs Memorandum of Law in Support of his Motion to Dismiss at p. 13. Truth is not an element to defamation, but a complete defense. The plaintiff has the burden of proving that the statements are false. See Rinaldi v. Holy, Rinehart & Winston, Inc. 42 N.Y.2d 369, 380 (1977). As defendants previously correctly argued, "a defamatory statement of fact is one that tends to expose the plaintiff to public contempt, ridicule, aversion, or disgrace or induce an evil opinion of him in the minds of right-thinking people to deprive him of their friendly intercourse in society." Raffaele v. City of New York, No. 13-CV-4607 (KAM) (VVP), 144 F. Supp. 3d 365, 380 (E.D.N.Y. Oct. 30, 2015) (citation and quotation omitted).

Here, the basic bare bones description of an alleged assault by an individual to the New York Post is not a defamatory statement in that it would not cause a reasonable reader to conclude that the alleged statement was made to induce an "evil opinion" of plaintiff in the minds of the public or even expose plaintiff to ridicule, aversion, or disgrace. Thus plaintiff cannot successfully plead the first element of libel and slander. For the same reason, plaintiff also has not sufficiently pled special damages or that the statement to the New York Post was defamation *per se*, another element of libel and slander. Special damages or special harm need not be proven if the plaintiff can prove that the statements made fall into one of four categories:

7

(1) charging plaintiff with a serious crime; (2) that tend to injure another in his or her trader, business, or profession; (3) that plaintiff has a loathsome disease; or (4) imputing chastity to a woman.  Liberman v. Gelstein, 80 N.Y.2d 429 (1992).  Being charged with misdemeanor assault is not a "serious crime".  Furthermore the Amended Complaint fails to contemplate "the loss of something having economic and pecuniary value" as it merely alleges that "Cooper's reputation has been permanently damaged and therefore Cooper is entitled to damages".  (See Ex. A. at ¶ 144).  Accordingly, since plaintiff cannot adequately plead all of the essential elements of a defamation claim, his libel and slander claim fails.

## POINT IV

### PLAINTIFF'S CONSPIRACY CLAIM FAILS
### AS A MATTER OF LAW

Plaintiff's arguments in defense of his conspiracy claim are non-responsive and fail to address the inadequacy of his pleading.  In attempting to salvage his conspiracy claim, plaintiff's opposition papers jump around between citing and misapplying the law of criminal, bankruptcy, and Sherman Antitrust Act conspiracies, to conspiracies actionable under 42 U.S.C. § 1983[2].

Plaintiff argues in his opposition that the Amended Complaint states a number of specific conspiratorial allegations including that the defendants "worked together to engage in a rash of misconduct including fabrications of inculpatory evidence and withholding exculpatory

---

[2] Plaintiff incorrectly cites to Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162 (2d Cir. 2012) in support of his argument that his conspiracy claim is adequately plead in the Amended Complaint.  However, plaintiff appears to overlook the crucial fact that these cases deal with the pleading standards for conspiracies alleged in violation of the Sherman Antitrust Act.  See Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162 (2d Cir. 2012). Plaintiff additionally cites to United States v. Sabhnani, 599 F.3d 215, 244 (2d Cir. 2010), United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992), and Salinas v. United States, 522 U.S. 52, 65 (1977) in further support of his argument that his conspiracy claims are well plead.  However, these are all criminal cases discussing the necessary evidence required to prove an individual guilty of conspiracy under federal criminal law, not the pleading standard in civil rights actions.

evidence" and that there were "many opportunities for either tacit or explicit agreement".  See Pls. Opp. at pp. 8, 10.  The key word here is **opportunities.**  Plaintiff cannot even pinpoint an actual time when these alleged conspiracies between defendants occurred.  As discussed more fully in defendants' original moving papers, plaintiff continues to rely on bald, conclusory allegations that are anything but specific.  (See Ex. A at ¶ ¶ 1, 12, 13, 20, 21, 23, 25).  These are the very types of allegations that are insufficient to survive a motion to dismiss.  Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.  McGee v. Doe, 568 Fed. Appx. 32, 35 (2d Cir. 2014).  Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997).  Accordingly, plaintiff has failed to state a claim of conspiracy and it must be dismissed.

## POINT V

### PLAINTIFF'S MALICIOUS PROSECUTION CLAUM FAILS AS A MATTTER OF LAW

Plaintiff's opposition fails to respond to defendants' substantive arguments regarding the multiple elements of his malicious prosecution claim for the reasons set forth below.

**A.    There was Probable Cause for Commencing the Criminal Proceeding Against Plaintiff**

Plaintiff attempts to argue that this case a complicated one full of disputed facts that cannot be decided on the current motion to dismiss.  Plaintiff is mistaken.  The key facts are simply not disputed.  It is undisputed that plaintiff was arrested for assault and various other crimes.  See generally Pls. Opp. and Ex. A.  Furthermore, it is undisputed that plaintiff was arrested based on statements from a complaining victim on the scene, Thomas Jacobs.  (See id. and Ex. B at 2).  Plaintiff further does not dispute that he was charged with assault and various other crimes based on the observations of defendant Schrell on the scene of the assault and based

9

on statements from the victim, Thomas Jacobs.  See generally Pls. Opp.  In light of the information received from complainant victim Thomas Jacobs on the scene, defendant Schrell had a reasonable basis to believe that plaintiff assaulted Jacobs, and as such, probable cause existed to arrest plaintiff.  Even if defendant Schrell received conflicting accounts of what occurred on the scene, it does not negate probable cause to arrest plaintiff based on the undisputed fact that a victim complained of injuries to the police.  Furthermore, plaintiff has failed to allege in the Amended Complaint when the probable cause allegedly dissipated.  Plaintiff points to exculpatory material being ignored in his Amended Complaint, but fails to state what this exculpatory material even is.  (See Ex. A at ¶ 157).  Plaintiff further argues, through citing Panetta v. Crowley, 460 F.3d 388 (2d Cir. 2006) and Middleton v. City of New York, No. 04-CV-1304 (JFB) (LB), 2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. Jun. 19, 2006), that defendants should have known the statements provided by complainant victim Jacobs were false and that there were circumstances to doubt his veracity.  However, based on the statements of Jacobs on the scene, and based on Schrell's observations of injuries to both plaintiff and Jacobs, even if she had conflicting accounts of what happened, probable cause still would not be negated.  In Middleton, plaintiff alleged that he explained to the police, over a period of months before he was arrested, specific allegations to doubt a complaining victim's veracity that would negate probable cause.  Middleton is distinguishable from the instant case.  Conflicting versions of an assault on the scene are not the same as circumstances to doubt a witness's veracity.  There is no "duty on the arresting officer . . . to assess the credibility of unverified claims of justification before making an arrest."  Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003).  Nor "does it matter that an investigation might have cast doubt upon the basis for the arrest."

10

Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (internal quotation marks and citations omitted).  As such, probable cause existed to prosecute plaintiff.

**B.      The Complaint Fails to Allege that Defendants Initiated or Continued the Prosecution Against Plaintiff**

Without specifically addressing defendants' arguments, plaintiff argues that defendant Schrell initiated the prosecution against plaintiff.  However, this simply is not the case. The Kings County Criminal complaint against plaintiff specifically referred to and referenced to numerous times in the Amended Complaint, show that the charges were filed by the Kings County District Attorney's Office based on the statements from a complaining victim, Thomas Jacobs, and that defendant Schrell did not play an active role in the prosecution against plaintiff.

Furthermore, "it must be shown that Defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).  In situations where Assistant District Attorneys sign and swear out Criminal Court Complaints based on information from a complaining victim, initiation in regards to a malicious prosecution should be dismissed against the arresting police officer.  See Crown Heights Shomrim Volunteer Safety Patrol, Inc. v. City of New York, 11-CV-329 (KAM) 2014 U.S. Dist. LEXIS 136293, *26-27 (E.D.N.Y. Sept. 25, 2014).

Through citing Ricciuti v. City of New York Transit Auth., 124 F.3d 123 (2d Cir. 1997), Blake v. Race, 487 F. Supp. 2d 187 (E.D.N.Y. 2007), and Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988), plaintiff attempts to argue that officers who mislead prosecutors and submit fabricated evidence satisfy the initiation element of a malicious prosecution claim. However, here, it cannot be disputed that defendant Schrell was not the source of the information the Assistant District Attorney relied upon and did not even sign the Criminal Court Complaint.

11

Rather, an Assistant District Attorney signed and swore out the Criminal Court Complaint against plaintiff based on the information provided by a victim, Thomas Jacobs.  (See Ex. E; see also Ex A. at Ex. 2).  As such, plaintiff has failed to allege that defendant Schrell initiated or continued the prosecution against plaintiff as a matter of law.

**C.       Malice is not Amply Plead**

In arguing that defendants acted with malice, plaintiff claims that defendants' lack of probable cause to prosecute Cooper alone "raises an inference of malice."  Pls. Opp. at pg. 15. However, "[o]nly where probable cause to initiate a proceeding is . . . totally lacking may malice reasonably be inferred."  Wilson v. McMullen, No. 07-CV-948 (SLT) (LB), 2010 U.S. Dist. LEXIS 32335, *18 (E.D.N.Y. Mar. 30, 2010) (quotation and citation omitted).  As previously stated in Point V-A, *supra*, probable cause existed to prosecute plaintiff for assault and therefore malice may not be inferred.  Plaintiff, without citing to any authority, argues that defendants' general and rampant misconduct, is indicative of malice and that defendants were working together to help protect complainant victim Jacobs from disciplinary and possible criminal penalties.  Pls. Opp. at p. 15.  However, defendants previously established in Point V-B, *supra,* that defendant Schrell did not  initiate or play an active role in the prosecution against plaintiff, so it stands to reason that defendant Schrell could not even be involved in such conduct described by plaintiff.  Accordingly, plaintiff has failed to amply plead the malice element and plaintiff's malicious prosecution claim must be dismissed as a matter of law.

## POINT VI

## PLAINTIFF'S FALSE ARREST CLAIM FAILS
## AS A MATTER OF LAW

**A.     There was Probable Cause for Plaintiff's Arrest Based on the Statements of a Complaining Victim**

Plaintiff's § 1983 claim against defendant Schrell should be dismissed because probable cause supported plaintiff's arrest for assault based on the statements of a complaining victim.  An arrest satisfies the Fourth Amendment so long as there is probable cause that the suspect committed **some crime**.  Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004) (emphasis added).  Furthermore, when information is received from a victim or eyewitness, probable cause exists to arrest "unless the circumstances raise doubt as to the person's veracity."  Curley, 268 F.3d at 70 (2d Cir. 2001).

Plaintiff cites to Rivera v. Balter Sales Co., No. 17 Civ. 1205 (LTS), 2014 U.S. Dist. LEXIS 166097 (S.D.N.Y. Dec. 1, 2014) essentially arguing that defendant Schrell lacked probable cause to arrest plaintiff.  However, Rivera deals with situations where **private** defendants may be held liable for false arrest where the defendants lacked reasonable cause for their belief in plaintiff's culpability. Rivera, 2014 U.S. Dist. LEXIS 166097 *16.  In Rivera, the Court held that plaintiff sufficiently alleged that private defendants lacked reasonable cause for their belief that plaintiff was guilty of a crime (stealing money).  See id.  In contrast, defendant Schrell is not a private individual for purposes of this lawsuit, she is an officer of the law.  Unlike the circumstances in Rivera, here, it is undisputed that plaintiff was arrested based on the statements from a complaining victim, Thomas Jacobs.  (See Ex. A, Ex. B, and Ex. C).  In light of the information that defendant Schrell received from complaining victim Jacobs, defendant Schrell had a reasonable basis to believe that plaintiff had assaulted Jacobs, and as such, probable cause existed for plaintiff's arrest.

13

**B.      There was Probable Cause for Plaintiff's Arrest Based on Plaintiff's Possession of Marijuana**

It is no surprise that plaintiff's opposition papers fail to address or rebut defendants' argument regarding plaintiff's possession of marijuana, which was discovered on his person at the precinct.  (See Ex. C and Ex. D).  This is because plaintiff cannot rebut or deny this argument since he testified and admitted to possessing the marijuana at his 50-H hearing.  (See Ex. D).  As the undisputed evidence establishes that there was probable cause to arrest plaintiff for unlawful possession of marijuana, and in light of plaintiff's failure to respond whatsoever to defendants' argument, plaintiff's false arrest claim should be dismissed as a matter of law and as deemed abandoned.

**POINT VII**

**SINCE PLAINTIFF FAILED TO ADDRESS MANY OF DEFENDANTS' ARGUMENTS THE CLAIMS BELOW SHOULD ALSO BE DEEMED ABANDONED**

Plaintiff entirely fails to respond to defendants' arguments that: (i) plaintiff's federal law claims against defendant Ryan fail as a matter of law for lack of personal involvement; (ii) defendants are entitled to qualified immunity; (iii) plaintiff's supervisory liability claim fails as a matter of law; (iv) plaintiff's municipal liability claim fails as a matter of law; and (v) plaintiff's state law claims for false arrest and malicious prosecution fail as a matter of law.  In light of plaintiff's failure to offer any response whatsoever to defendants' arguments, plaintiff's claims should be deemed abandoned, and defendants' motion to dismiss should be granted as to these claims.  See Dudek v. Nassau County Sheriff's Dep't, 991 F. Supp. 2d 402 (E.D.N.Y. 2013) (granting defendant's motion to dismiss § 1983 claim based on plaintiff's failure to address arguments in opposition) (citing Anti-Monopoly, Inc., v. Hasbro, Inc., 958 F. Supp. 895, 907 (S.D.N.Y. 1997)("The failure to provide argument on a point at issue constitutes

14

abandonment of the issue."); <u>Hunt-Watts v. Nassau Health Care Corp.</u>, 12-CV-1815 (PKC), 2014 U.S. Dist. LEXIS 116728, *11-12 (E.D.N.Y. Aug. 21, 2014).

<u>**POINT VIII**</u>

**DEFENDANTS CHALLENGED ALL OF PLAINTIFF'S CLAIMS IN THEIR MOTION TO DISMISS**

Plaintiff lastly argues that defendants "have waived any substantive challenge to the adequacy of the state law claims by failing to raise them in this motion". Pls. Opp. at 22. However, this is simply not true, as even a cursory review of defendants' motion to dismiss shows that defendants adequately challenged all of plaintiff's state law claims.  <u>See</u> Defs. Memorandum of Law in Support of their Motion to Dismiss, at Point VIII-A through D.

<u>**CONCLUSION**</u>

For all of the reasons set forth in defendants' original moving papers and herein, Defendants City, Ryan, and Schrell respectfully request that the Court dismiss with prejudice plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         December 22, 2017

ZACHARY W. CARTER
Corporation Counsel for the City of New York
*Attorney for Defendants City, Ryan, and Shrell*
100 Church Street
New York, New York  10007
(212) 356-3535


By:     */s/*
        Christopher D. DeLuca
        Assistant Corporation Counsel
        Special Federal Litigation Division

15