

May 21, 2020

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Court Judge
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE: Steven Cooper v. City of New York et al. (1:17-cv-01517-RPK-RLM)**

Judge Kovner:

      I write in response to Mr. Genis' letter to the Court, dated May 20, 2020.

      Mr. Genis' letter alleges, amongst other things, that my firm (1) was discharged for cause, (2) has hindered his ability to transition into this matter, and (3) agreed without condition to release certain files to him in connection to this matter. Each of the foregoing allegations are patently false, and it is appalling that an officer of the Court would make such brazen misrepresentations to the Court.

      On May 19, 2020, at 4:17 P.M. Mr. Genis' associate, a Ms. Dana Vlachos, contacted me and informed me that Mr. Genis' firm, Sonin Genis, would be substituting in for my firm and that my firm had been terminated for "cause". She stated that *they* had retained Mr. Cooper (Plaintiff) and that they would be replacing myself and Mr. Kotkes. I also asked what the basis was for the alleged "cause" and she responded "I simply sent out the letter for Bob (Genis) ... I don't know." **Despite multiple written and oral requests, to date, I have not been provided with any reason for the termination of our representation for cause.**

      Shortly thereafter, on May 19, 2020 at 5:58 P.M. I was contacted by Mr. Genis, who demanded I immediately agree to substitute out of this matter and turn over all files in my possession. I responded less than an hour later at 6:38 P.M. that I had no issue with substituting out of this matter, but wished to confirm with the client if that was his desire and would need to resolve the outstanding fees and disbursements. The very next morning upon return to my office, at 9:35 A.M. I sent Mr. Genis an executed substitution of counsel. **There was no delay.**

      Mr. Genis assertion to the Court that I agreed to provide certain files is blatantly false. Mr. Kotkes, prior to recently giving up his office worked next door to my office location in Long Island. As co-counsel to my firm in several cases, we often get together to discuss our ongoing matters. While Mr. Kotkes did visit my office yesterday, it was certainly not with my

understanding that he would be obtaining any files from me or my office, as I have made abundantly clear to Mr. Genis that prior to our release of any files, we would need to come to an understanding as to the payment of our outstanding fees and costs. **I agreed by phone with Mr. Genis that I would assemble a breakdown of our disbursements and after he reviewed same, we would then discuss how to proceed, both with respect to payment and the release of files**. On the very same day, on May 20, 2020 at 6:07 P.M., I sent Mr. Genis the correspondence annexed as **Exhibit A** and the accompanying breakdown of disbursements (collectively "Correspondence"), which makes clear that we will release any files we have in our possession, provided however, we are immediately reimbursed for our disbursements and that we enter into a stipulation that acknowledges my firm's claim to its fees as to be determined at the conclusion of this action or by court order. We fully acknowledge that we may not be entitled to payment until there is a recovery in this matter and the Court consents to our fees. After receiving our Correspondence, Mr. Genis, chose to respond in his bullish and child-like manner in an apparent attempt to create a false record for himself and entirely ignored our amicable approach to solving the issue, and then proceeded to file his letter with the Court.

Unfortunately, instead of focusing his efforts on working towards resolution, as this is certainly not a novel issue, Mr. Genis is determined to waste the Court's limited time and resources (especially in this environment). We ask that the Court deny Mr. Genis' requests; however, should the Court grant Mr. Genis' request, we will respond accordingly and seek all appropriate relief, including but not limited to, a lien against the file, as well our costs and fees.

We thank the Court for its time and attention to this matter.

Very truly yours,

Asher C. Gulko