UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**STEVEN COOPER,**

                **Plaintiff,**                                            MEMORANDUM
                                                                                AND ORDER

                **-against-**                                                17-CV-1517 (RPK)

**CITY OF NEW YORK, et al.,**

                **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In a letter docketed last night, and addressed to Judge Kovner (DE #118), incoming counsel for plaintiff Steven Cooper seeks a premotion conference and permission to move to (a) compel outgoing counsel (the firm of Gulko Schwed LLP) to surrender their litigation files in this case; (b) amend plaintiff's Notice of Claim and [Second Amended] Complaint in this action; and (c) compel the City to produce discovery. For the reasons that follow, the request of the movant, the firm of Sonin & Genis, is denied without prejudice.

As a preliminary matter, the application should have been addressed to the assigned magistrate judge, as the issues addressed all involve nondispositive pretrial matters, and it is this Court's orders - not those of the District Court - that the movant repeatedly references. Moreover, the application should have been docketed as an ECF motion event, as required by this Court's Individual Rules and prior court orders. See 10/29/19 Order; 1/10/20 Scheduling Order.

In any event, the request for judicial intervention is premature. In response to the movant's request that outgoing counsel surrender the firm's litigation files, attorney Asher

Gulko filed a letter today (DE #119), disputing the facts alleged by the movant and stating that his firm was attempting to negotiate a resolution of the issue when, instead of responding to his communication, incoming counsel filed yesterday's letter with the Court.

Similarly, with respect to plaintiff's anticipated motion to further amend his pleading, or to compel discovery from the City, it appears that incoming counsel has yet to confer with defense counsel in an attempt to resolve or at least narrow the issues (some of which may well have been the subject of prior rulings) to be presented to the Court.

Finally, the Court observes that this case has been pending for more than three years; that plaintiff's pleading has already been twice amended (and was the subject of a 42-page opinion by the District Court (DE #84)); and that discovery, which has been ongoing since 2017, has repeatedly been extended (most recently on April 29, 2020) and fact discovery is now scheduled to close on August 14, 2020.  Plaintiff's belated change of counsel does not restart the clock, nor does it entitle plaintiff to a do-over on discovery and/or his already amended pleadings. As incoming counsel was previously warned, this Court will not allow the substitution to delay the progress of this long-pending case.

SO ORDERED.

Dated:   Brooklyn, New York
         May 21, 2020

/s/        *Roanne L. Mann*
ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE