22-2792-cv
Cooper v. City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
          RAYMOND J. LOHIER, JR.,
          SARAH A. L. MERRIAM,
               *Circuit Judges*.
------------------------------------------------------------------
STEVEN COOPER,

          *Plaintiff-Appellant*,

     v.                                             No. 22-2792-cv

CITY OF NEW YORK, DANIEL
O'CONNOR, POLICE
LIEUTENANT THOMAS JACOBS,
POLICE OFFICER JESSICA
SCHRELL, SHIELD # 26482, POLICE
SERGEANT ADAM KATRINCIC,
CAPTAIN DESMOND MORALES,
AND POLICE OFFICER NICHOLAS

HORUN,

        *Defendants-Appellees.**

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ROBERT RICKNER, Rickner PLLC, New York, NY (Yitzchok Kotkes, Law Offices of Yitzchok Kotkes, P.C., Far Rockaway, NY, *on the brief*) |
| FOR DEFENDANTS-APPELLEES (CITY OF NEW YORK, POLICE OFFICER JESSICA SCHRELL, SHIELD # 26482, POLICE SERGEANT ADAM KATRINCIC, CAPTAIN DESMOND MORALES, AND POLICE OFFICER NICHOLAS HORUN): | ELINA DRUKER (Richard Dearing, Rebecca L. Visgaitis, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |
| FOR DEFENDANT-APPELLEE (LIEUTENANT THOMAS JACOBS): | JAMES M. MOSCHELLA, Karasyk & Moschella, LLP, New York, NY |
| FOR DEFENDANT-APPELLEE (DANIEL O'CONNOR): | Aaron M. Goldsmith, Law Office of Aaron M. Goldsmith, P.C., New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Plaintiff-Appellant Steven Cooper appeals from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*) granting summary judgment in favor of Defendants-Appellees on Cooper's claims under 42 U.S.C. § 1983 and New York law for, as relevant to this appeal, false arrest and conspiracy.  Cooper also challenges an earlier order of the District Court (Garaufis, *J.*) principally insofar as it denied Cooper's application for leave to amend his § 1983 claim against one of the Defendants-Appellees, Lieutenant Thomas Jacobs.[1]  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.    False Arrest

Reviewing *de novo*, *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008), we affirm the grant of summary judgment on Cooper's false arrest claim, to which probable cause is "a complete defense," *Triolo v. Nassau Cty.*, 24 F.4th 98, 106 (2d Cir. 2022).  "It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person,

---

[1] On appeal, Cooper does not challenge the District Court's dismissal of his first, third, fourth, fifth, sixth, and seventh causes of action, or the dismissal of any of his claims against Brendan Ryan, John Does 1-10, Steven Mona, and Pearl Barnhart.

normally the putative victim or eyewitness unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (cleaned up).

Deposition testimony revealed that before Cooper's arrest, off-duty police Lieutenant Jacobs informed the arresting officers that he "got punched in the face by [Cooper] . . . trying to break up a fight." Joint App'x 314. At the point he provided this information, Jacobs had visible injuries to his face, and his glasses were broken. As the report of a putative victim, Jacobs's allegation alone was enough to establish probable cause for Cooper's arrest. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). And while Cooper was detained, probable cause was further supported rather than undermined by later eyewitness accounts that corroborated Jacobs's account that he was punched.

Cooper argues that surveillance footage obtained after his arrest casts doubt on the veracity of Jacobs's account and the police reports memorializing it. Even assuming that Cooper is right, probable cause is assessed "objectively," based on "the facts known by the arresting officer at the time of the arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006). Because the arresting officers did not have or know about this footage at the time of arrest, the footage does not

undermine the existence of probable cause.  Cooper also did not adduce

sufficient evidence to suggest that the officers had other legitimate reasons to

doubt Jacobs's veracity.  *See Panetta*, 460 F.3d at 395.

Cooper next claims that, even if the facts ultimately revealed in discovery

were sufficient to establish that the arresting officers had probable cause to arrest

him, the District Court nevertheless erred when it denied as futile Cooper's

application for leave to amend to plead a § 1983 false arrest claim against *Jacobs*

on the grounds that the proposed amended complaint "contain[ed] no facts

indicating that Jacobs or Ryan participated in the alleged false arrest and

imprisonment of Plaintiff."  Joint App'x 168.  Based on the four corners of the

proposed amended complaint, we agree with the District Court.  The proposed

amended complaint rested solely on broad allegations that Jacobs and others

"fabricated a scenario designed" to ensure Cooper's arrest.  Joint App'x 128.  But

it failed to allege any specific facts about the "scenario" or Jacobs's efforts to

fabricate it that support a reasonable inference that Jacobs personally instigated

Cooper's arrest.  *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987)

("[A]llegations which are nothing more than broad, simple, and conclusory

statements are insufficient to state a claim under § 1983.").

## II.     Section 1983 Conspiracy

We conclude that Cooper's § 1983 conspiracy claims related to the alleged false arrest, detention, and prosecution also fail because the arresting officers had probable cause to arrest, detain, and prosecute him.  And Cooper does not separately argue that probable cause at the time of the arrest or the initiation of the prosecution was undermined by "the discovery of some intervening fact."[2] *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (quotation marks omitted).

To the extent Cooper also alleges a conspiracy to fabricate evidence claim in violation of his due process rights and right to a fair trial, we agree with the District Court that the alleged deficiencies and inconsistencies that could arguably give rise to a constitutional violation related to the police investigation are not supported in the record and fail to reasonably suggest a conspiracy to violate his constitutional rights.

---

[2] To the extent Cooper attempts to allege a separate substantive due process claim based on malicious prosecution, this claim fails because "malicious prosecution may not be brought as a substantive due process claim."  *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995).  To the extent Cooper alleges a procedural due process claim, that claim also fails because no genuine dispute of fact exists to suggest that "the procedures themselves [were] inadequate" and because New York provides Cooper with an alternative means to pursue a malicious prosecution claim.  *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

### III.    Remaining State Law Claims

Finally, the District Court properly exercised its discretion to decline

supplemental jurisdiction over Cooper's remaining state law claims.  *See Kolari v.*

*N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

We have considered Cooper's remaining arguments and conclude that

they are without merit.  For the foregoing reasons, the judgment of the District

Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit